Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Ft. Worth, TX  76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>INSTAPAY FLEXIBLE, LLC,<br><br>FLEXIBLE FUNDING LTD. LIABILITY CO.,<br><br><br>DEBTORS. | CHAPTER 11 CASES<br><br>CASE NO. 21-42214-11-elm<br><br>CASE NO. 21-42215-11-mxm<br><br><br>**Expedited Hearing Requested** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING JOINT
ADMINISTRATION OF CASES FOR PROCEDURAL PURPOSES ONLY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Instapay Flexible, LLC ("Instapay") and Flexible Funding Ltd. Liability Co. ("Flexible", and with Instapay, the "Debtors" or the "Companies"), as debtors and debtors in possession, file this motion for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the joint administration of their respective chapter 11 cases (the "Motion") and respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This case and all related matters have been referred to this Court pursuant to 28 U.S.C. § 157.  This

Motion constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (M) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code (defined below) and Rule 1015 of the FED. R. BANKR. P. (the "Bankruptcy Rules").

## BACKGROUND

2.  On September 19, 2021 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these cases.

## ABOUT THE COMPANIES

4.  The Debtors are privately held asset based lending ("ABL") and factoring companies, primarily focused on the staffing and transportation industries. Instapay is a wholly-owned subsidiary of Flexible. Instapay engages in factoring for clients in the transportation industry, while Flexible focuses on ABL, mainly for the staffing industry.

5.  Flexible's ABL product enables its clients to fund and grow their businesses using the accounts receivable (AR) that they receive from their customers. Flexible ordinarily makes revolving loans to its clients based on the value of their AR, less a reserve. Typical client terms provide for an 85-90% advance rate against AR. Flexible refers to its clients' customers as "end debtors", as ultimately Flexible is relying on the end debtor to make timely payments on the AR owed to Flexible's clients. To ensure repayment, Flexible's clients agree to have their customers pay Flexible directly through its lockbox account. Flexible applies those payments to the outstanding loan from its clients, reducing the loan balance. Clients regularly request advances from Flexible and Flexible receives requests for advances daily from its clients.

Flexible collects payments daily from end debtors which reduce client loan balances and provides clients with availability for operating financing. Flexible charges fees and interest to its clients based on the amount borrowed.

6. Similarly, Instapay also funds its clients based on their AR and collects from the clients' end debtors. Instapay, however, does not make revolving loans, but rather engages in true factoring, in which Instapay actually acquires the AR from its clients and becomes the owner of that AR. Instapay charges an up-front fee to factor a receivable – usually 3%, and advances the rest. Instapay clients are in the trucking industry. Instapay receives requests to purchase its clients' accounts receivable daily, and receives payments on purchased accounts receivable daily. Funds received from purchased accounts receivable are applied to clients' outstanding availability to provide them daily liquidity.

7. The Debtors employ a staff that includes portfolio management, sales, and operations. The Debtors' workforce assists clients with funding requests, verifies the legitimacy of clients' AR, tracks end debtors to ensure payments are made in a timely fashion, maintains the Company's proprietary software system, engages in sales and marketing activities to find new clients, and manages the Company's relationship and borrowings with its own lender group. Flexible and Instapay currently have between 600-700 combined clients, approximately 400 of which are currently active, with a total portfolio of about $110 million in loans and factored receivables.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. By this Motion, the Debtors seek, pursuant to Rule 1015(b) of the Bankruptcy Rules, the joint administration of the Debtors' chapter 11 cases for procedural purposes only. A proposed form of order approving the relief requested herein is attached hereto as **Exhibit A**.

9. Bankruptcy Rule 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint

administration of the estates.

FED. R. BANKR. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code, in that Instapay is the wholly-owned subsidiary of Flexible. Accordingly, this Court is authorized to grant the relief requested herein.

10. Joint administration of the Debtors' chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect both of the Debtors. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in these cases.

11. The entry of an order of joint administration will: (a) significantly reduce the volume of paper that otherwise would be filed with this Clerk of this Court; (b) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these chapter 11 cases; (c) render the completion of various administrative tasks less costly; and (d) minimize the number of unnecessary delays associated with the administration of separate chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases because each creditor may still file its claim against the estate of the Debtor it possesses a claim against. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

Debtors' Motion for Entry of an Order Pursuant to Rule 1015(b) of the Federal Rules of
Bankruptcy Procedure Directing Joint Administration of Cases for Procedural Purposes Only    PAGE 4

12. The Debtors propose that the following activities be joined for administrative purposes only:

    (a) All of the Debtors shall file separate Schedules of Assets and Liabilities and Statement of Financial Affairs and, to the extent applicable, List of Equity Security Holders;

    (b) One disclosure statement and plan of reorganization may be (but is not required to be) filed for all of the Debtors' cases by any plan proponent;

    (c) Hearings in these jointly administered cases shall be joint hearings unless otherwise specified; and

    (d) One consolidated docket shall be kept by the Clerk, with separate claims registers for each Debtor's case.

13. Accordingly, the Debtors respectfully request that the caption of their case be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., *et al.*,[1] | § § § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Flexible Funding Ltd. Liability Co. (4495) and Instapay Flexible, Inc. (7648).

14. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each of the Debtors' chapter 11 cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Instapay Flexible, Inc. and Flexible Funding Ltd. Liability Co. The docket in Case No. 21-42215-11-mxm should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-42215-11-mxm**.

15. The Debtors submit that joint administration of the above-captioned cases is in the Debtors' best interest, as well as the interests of their respective estates, creditors, and other parties in interest.

16. Further, the Courts in this Division have previously granted similar relief. See, e.g., *In re Senior Care Centers, LLC, et al.*, Case No. 18-33967 (Bankr. N.D. Tex. Dec. 7, 2018); *In re Preferred Care, Inc., et al.*; Case No. 17-44642 (Bankr. N.D. Tex. Nov. 22, 2017); *In re Foundation Healthcare, Inc., et al.*, Case No. 17-42571 (Bankr. N.D. Tex. July 11, 2017); *In re HBT JV, LLC, et al.*, Case No. 17-40659 (Bankr. N.D. Tex. Feb. 23, 2017); and *In re Erickson Incorporated, et al.*, Case No. 16-34393 (Bankr. N.D. Tex. Nov. 10, 2016).

## **LIMITED NOTICE**

17. Notice of this Motion has been provided to the office of the United States Trustee for the Northern District of Texas, the Debtors' prepetition secured lenders, the holders of the twenty (20) largest unsecured claims against the Debtors, and parties filing a notice of appearance, as set forth in the Certificate of Service filed herewith. Under the Bankruptcy Code, the Bankruptcy Rules, and the N.D. Tex. L.B.R., the Debtors submit that no other further notice need be provided.

## **PRAYER**

WHEREFORE, the Debtors respectfully request that this Court enter an order providing for (i) the joint administration of these chapter 11 cases for procedural purposes; (ii) the consolidation of mailing lists in each of the cases for future noticing requirements; and (iii) such other and further relief to which they may be entitled.

Dated: September 20, 2021

                                                Respectfully submitted,

                                                /s/ Lynda L. Lankford
                                                Jeff P. Prostok
                                                State Bar No. 16352500

Lynda L. Lankford<br>
State Bar No. 11935020<br>
FORSHEY & PROSTOK, L.L.P.<br>
777 Main Street, Suite 1290<br>
Fort Worth, Texas 76102<br>
Phone: (817) 877-8855<br>
Fax: (817) 877-4151<br>
<br>
PROPOSED COUNSEL<br>
FOR THE DEBTORS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the office of the United States Trustee for the Northern District of Texas, the secured lenders, the holders of the twenty (20) largest unsecured claims against the Debtors, and parties filing a notice of appearance, via ECF electronic Notice, if available, on September 20, 2021 and via United States Mail, first class postage prepaid on September 20, 2021.

/s/ Lynda L. Lankford<br>
Lynda L. Lankford

L:\JPROSTOK\Flexible Funding (C11) #6264\Pleadings\Motion for Joint Administration (Final) 9.20.21.docx

# Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 CASES |
| | ) | |
| INSTAPAY FLEXIBLE, LLC, | ) | CASE NO. 21-42214-11-elm |
| | ) | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | ) | CASE NO. 21-42215-11-mxm |
| | ) | |
| DEBTORS. | ) | |
| | ) | |

**ORDER PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the Motion, dated September 20, 2021, (the "Motion") [Docket No. 4 in the Instapay chapter 11 case and Docket No. 4 in the Flexible chapter 11 case], of Instapay Flexible, LLC ("Instapay") and Flexible Funding Ltd. Liability Co. ("Flexible", and with Instapay, the "Debtors" or the "Companies"), as debtors and debtors in possession, for an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Debtors' chapter 11 cases for procedure purposes only, all as more fully set forth in the

1

Motion; and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion has been provided and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and creditors; and upon all of the proceedings had before the court; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED,** that the above captioned cases be and hereby are, jointly administered by this Court for procedural purposes only and shall not be a substantive consolidation of the respective estates; and it is further

**ORDERED** that all orders, pleadings, papers and documents except proofs of claims shall be filed and docketed in the Flexible chapter 11 case, case number 21-42215-11-mxm (the "Lead Case"); and it is further

**ORDERED**, that in the event these cases have been assigned to separate judges, all cases shall be transferred to the judge of the Lead Case; and it is further

**ORDERED** that all proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate; and it is further

**ORDERED** that the Debtors shall each file their own Monthly Operating Reports ("MORs"); and it is further

**ORDERED** that the Debtors shall each file their own Schedules of Assets and Liabilities, Statement of Financial Affairs, and List of Equity Security Holders (collectively, the "Schedules"); and it is further

**ORDERED** that hearings in these jointly administered cases shall be joint hearings unless otherwise specified; and it is further

**ORDERED** that one disclosure statement and plan of reorganization may be (but is not required to be) filed for all of the Debtors' cases by any plan proponent; and it is further

**ORDERED** that all pleadings, papers, and documents, except proofs of claim, MORs, and Schedules filed in the jointly administered cases shall bear the caption of the jointly administered cases and shall be listed as shown in **Exhibit A** (attached); and it is further

**ORDERED** that the caption as shown in **Exhibit A** satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code; and it is further

**ORDERED** that a docket entry, substantially similar as shown in **Exhibit B** (attached), shall be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases; and it is further

**ORDERED** that if pleadings, papers, and documents have been filed in any of the above captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) re-file that pleading, paper, or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties; and it is further

**ORDERED** that counsel for the Debtors, shall serve a copy of this Order on the United States Trustee, all creditors, persons filing Notices of Appearance, and other parties-in-interest, and shall file a certificate of service with the Clerk of Court after completing service of this; and it is further

**ORDERED** that counsel for the Debtors shall file with the Clerk of the Court in the Lead Case a master service list of all known creditors, persons filing Notices of Appearance, and all known parties-in-interest in the jointly administered cases in the form prescribed by N.D. Tex. L.B.R. 1007-1; and it is further

**ORDERED** the Debtors are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

### End of Order ###

L:\JPROSTOK\Flexible Funding (C11) #6264\Pleadings\Order Granting Joint Administration (Final) 9.20.21.docx

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

_____
| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., *et al.*,[1] | § | Case No. 21-42215-11-mxm |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Flexible Funding Ltd. Liability Co. (4495) and Instapay Flexible, Inc. (7648).

5

## **EXHIBIT B**

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Instapay Flexible, Inc. and Flexible Funding Ltd. Liability Co. The docket in Case No. 21-42215-11-mxm should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-42215-11-mxm.**