

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 21, 2021**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., *et al.*,[1] | § § § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | (Jointly Administered) |

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

On this day the Court considered the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection* [Docket No. 5 in each case] (the "Motion")[1] filed by Instapay Flexible, LLC ("Instapay") and Flexible Funding Ltd. Liability Co. ("Flexible", and together with Instapay, the "Debtors").[2] Having reviewed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Flexible Funding Ltd. Liability Co. (4495) and Instapay Flexible, Inc. (7648).

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that relief is necessary to avoid immediate and irreparable harm; and based upon the record, the representations of counsel, and the evidence presented during the hearing on Motion, the Court hereby finds:

On September 19, 2021 (the "Petition Dates"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "Code") in this Court. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

The Debtors assert that they will suffer irreparable and immediate harm if they are not granted the relief herein. The Debtors further assert that an immediate and critical need exists for the Debtors to use funds in order to continue the operation of their businesses and that, without such funds, the Debtors will not be able to fund borrower accounts during this sensitive period in a manner that will avoid irreparable harm to the Debtors' estates. The Debtors assert that, at this time, the Debtors' ability to use Cash Collateral is vital to their borrowers and to the preservation and maintenance of the going concern value of the Debtors' estates.

Good cause has been shown for the entry of this Order. The Court finds that the notice of the Motion and the Hearing on the Motion to the U.S. Trustee and Lenders was sufficient under the circumstances. Entry of this Order is justified and appropriate under the circumstances. Entry of this Order is in the best interest of the Debtors' estates.

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1. **Use of Cash Collateral**. Subject to the terms of this Order, the Debtors are hereby authorized to use Cash Collateral during the period (the "Budget Period") beginning September

20, 2021 through September 22, 2021, in an amount not to exceed $15 million for the sole purpose of funding borrower accounts.

2. **Replacement Liens**.  Except as otherwise provided herein, as adequate protection to the Lenders for the Debtors' use of Cash Collateral as permitted herein, to the extent that the Debtors' use of Cash Collateral results in a diminution in value of the Lenders' interest in such Lender's Prepetition Collateral as of the Petition Date, the Lenders are granted a replacement lien ("Replacement Lien") in the Debtors' assets that serve as collateral under each Lenders' applicable loan documents, in the same order of priority that existed as of the Petition Date (the "Replacement Collateral").

3. **No Lien Upon Avoidance Actions**.  Notwithstanding anything herein to the contrary, the Replacement Lien do not extend to the Debtors' transfer or lien avoidance rights and claims under Sections 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code.

4. **Adequate Protection – Superpriority Administrative Claim.**  As additional partial adequate protection for the Debtors' use of Cash Collateral, to the extent of any diminution in value and a failure of the other adequate protection provided by this Order, the Lenders shall have an allowed superpriority administrative expense claim in these cases and any successor case as provided in and to the fullest extent allowed by Sections 503(b) and 507(b) of the Bankruptcy Code.

5. **Carve-Out**.  Notwithstanding anything herein to the contrary, the Replacement Lien and Superproirity Administrative Claim are subject and subordinate to a carve-out of funds (the "Carve Out") for all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to Section 1930(a) of Title 28, United States Code.

6. **Perfection of Liens**.  The Replacement Liens are, and shall be, valid, perfected, enforceable and effective as of the Petition Date without the need for any further action by the Debtors or the Lenders, or the necessity of execution or filing of any instruments or agreements.

7. **Survival**. The terms and provisions of this Order inure to the benefit of, and are binding upon, the Debtors, the Lenders, and creditors of the Debtors, and their respective successors and assigns, including, without limitation, any trustee or legal representative of the Debtors appointed in this case or in any superseding case under Chapter 7 of the Code. This Order is immediately valid and fully effective upon entry by this Court.

8. **No Waiver.** Nothing in this Order shall prejudice or waive the right of the Debtors or any other party to contest the amount, validity, or avoidability of any the Lenders' claims and security interests, or prejudice or waive the right of the Lenders to object or contest the further use of Cash Collateral after the Budget Period.

9. **Notice of Interim Hearing on Use of Cash Collateral**. A subsequent interim hearing on the Motion will be held on subsequent notice. The Debtors shall serve a notice of the subsequent interim hearing on (a) the Office of the U.S. Trustee; (b) the Lenders, or upon counsel if known; (c) the twenty largest unsecured creditors for each Debtor, and (e) all parties requesting notice in this case.

10. **Reporting**. During the Budget Period, the Debtors shall provide the Lenders and the Office of the United States Trustee with daily reports indicating receipts and disbursements of Cash Collateral.

11. The Debtors have established that the relief granted herein is necessary to avoid immediate and irreparable harm as required by Bankruptcy Rules 4001(b)(2) and 6003.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

L:\JPROSTOK\Flexible Funding (C11) #6264\Pleadings\Order granting Interim Use of Cash Collateral 9.20.21 revised.docx