# Exhibit "7"

Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
**FORSHEY & PROSTOK LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

**PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | § | |
| *et al.,* | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF INSTAPAY FLEXIBLE LLC'S ASSETS; (B) APPROVING THE FORM AND MANNER OF THE SALE NOTICE; (C) SCHEDULING AN AUCTION AND SALE HEARING; (D) SCHEDULING CERTAIN DEADLINES; (E) APPROVING PROCEDURES FOR DETERMINING CURE AMOUNTS; AND (F) GRANTING RELATED RELIEF; (II) AN ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (C) GRANTING RELATED RELIEF; AND REQUEST FOR <u>EXPEDITED CONSIDERATION THEREOF</u>**

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Flexible Funding Ltd. Liability Co. ("Flexible") and InstaPay Flexible
LLC ("InstaPay") (collectively, the "Debtors") in this their motion (the "Motion") for entry of
(I) an order, substantially in the form attached hereto as **Exhibit A** (the "Bidding Procedures
Order"), (A) establishing bidding procedures (the "Bidding Procedures") in connection with
the sale (the "Sale") of substantially all of InstaPay's assets (the "Acquired Assets");
(B) scheduling certain deadlines in connection with the Sale; (C) scheduling an auction to
sell the Acquired Assets (the "Auction") and a hearing to consider approval of the Sale (the
"Sale Hearing"); (D) approving the form and manner of notice of the Sale, the Auction, and
the Sale Hearing (the "Sale Notice"); (E) establishing certain procedures relating to the
assumption and assignment of certain executory contracts and unexpired leases in
connection with such sale; and (F) granting certain related relief; and (II) an order,
substantially in the form attached hereto as **Exhibit B**[1] (the "Sale Order"), (A) authorizing the
Sale of substantially all of InstaPay's assets free and clear of all liens, claims,
encumbrances, and other interests (collectively, the "Encumbrances") pursuant to the asset
purchase agreement (the "APA" substantially in the form attached hereto as **Exhibit C**[2])
between InstaPay and the successful bidder at the Auction (the "Purchaser(s)" or "Prevailing
Bidder(s)"); (B) authorizing the assumption and assignment to the Purchaser(s) of the
executory contracts and unexpired leases identified on **Exhibit D** hereto (collectively, the
"Assigned Contracts"); and (C) granting certain related relief. In addition, the Debtors

_____

[1] The Debtors will provide a copy of the Sale Order to the Court and interested parties at or
before the hearing to approve the Sale.

[2] The Debtors will provide a copy of the APA to the Court and interested parties at or before
the hearing to approve the Sale.

request expedited consideration of the Motion. In support of this Motion, the Debtors would respectfully show the Court as follows:

## I.  JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are sections 105(a), 363(b), (l), and (m), 365, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 6006(a), (c), and (d), 9007, and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## II.  BACKGROUND

### A.      The Companies

3.      The Debtors are privately held asset-based lending ("ABL") and factoring companies, primarily focused on the staffing and transportation industries. InstaPay is a wholly owned subsidiary of Flexible. InstaPay engages in factoring for clients in the transportation industry, while Flexible focuses on ABL, mainly for the staffing industry.

4.      Flexible's ABL product enables its clients to fund and grow their businesses using the accounts receivable (AR) that they receive from their customers. Flexible ordinarily makes revolving loans to its clients based on the value of their AR, less a reserve. Typical client terms provide for an 85-90% advance rate against AR. Flexible refers to its clients' customers as "end debtors," as ultimately Flexible is relying on the end debtor to make timely payments on the AR owed to Flexible's clients. To ensure repayment, Flexible's clients agree to have their customers pay Flexible directly through its lockbox account. Flexible applies those payments to the outstanding loan from its clients, reducing the loan

balance. Clients regularly request advances from Flexible and Flexible receives requests for advances daily from its clients. Flexible collects payments daily from end debtors, which payments reduce client loan balances and provide clients with availability for operating financing. Flexible charges fees and interest to its clients based on the amount borrowed.

5.    Similarly, InstaPay also funds its clients based on their AR and collects from the clients' end debtors. InstaPay, however, does not make revolving loans, but rather engages in true factoring, in which InstaPay actually acquires the AR from its clients and becomes the owner of that AR. InstaPay charges an up-front fee to factor a receivable – usually 3%, and advances the rest. InstaPay clients are in the trucking industry. InstaPay receives requests to purchase its clients' accounts receivable daily and receives payments on purchased accounts receivable daily. Funds received from purchased accounts receivable are applied to clients' outstanding availability to provide them daily liquidity.

6.    The Debtors employ a staff that includes portfolio management, sales, and operations. The Debtors' workforce assists clients with funding requests, verifies the legitimacy of clients' AR, tracks end debtors to ensure payments are made in a timely fashion, maintains the Debtors' proprietary software system, engages in sales and marketing activities to find new clients, and manages the Debtors' relationship and borrowings with the Debtors' lender group. Flexible and InstaPay currently have between 600 and 700 combined clients, approximately 400 of which are currently active, with a total portfolio of about $110 million in loans and factored receivables.

**B.    Procedural History**

7.    On September 19, 2021, the Debtors commenced these cases by filing voluntary chapter 11 petitions in this Court. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a trustee or examiner has been made

in these cases.

8.      Prior to the commencement of these cases, the Debtors explored a wide variety of options for recapitalizing and/or restructuring their enterprise. Ultimately, the Debtors determined that they were likely to realize the highest and best value for their enterprise through a sale of all or substantially all of their assets. The Debtors, through their financial advisors, marketed the Debtors' assets widely and aggressively for approximately nine months before the commencement of these cases.

9.      The Debtors engaged in good-faith and arm's-length negotiations with Revolution Capital (USA) Inc. ("RCI") for the purchase and sale of the Acquired Assets, which are substantially all of the assets of InstaPay. Those negotiations culminated in a letter of intent (the "LOI"), which the parties executed on or about September 20, 2021. The LOI calls for InstaPay to sell and RCI to purchase the Acquired Assets subject to several conditions, including RCI's successful completion of due diligence and the parties' execution of a definitive asset purchase agreement. The LOI is also subject to higher or better offers, with competing offers to be solicited through the Bidding Procedures and the Prevailing Bidder(s) identified through the Auction supervised by this Court.

10.     Pursuant to a letter of intent executed on August 9, 2021, Paul DeLuca, managing member of Flexible Funding, entered into discussions with RCI to establish a joint venture pursuant to which RCI would re-factor certain factoring deals originated by Meritus Capital, Inc., an entity owned and controlled by Mr. DeLuca. At this point the negotiations are continuing, and no definitive agreement has been reached. These deals are separate and distinct from transactions financed by either Flexible Funding or InstaPay, and RCI has no connection with the Debtors except as disclosed in this Motion.

### III.  THE BIDDING PROCEDURES

11.     The Debtors intend to sell the Acquired Assets to the highest or best bidder

or combination of bidders at auction free and clear of any Encumbrances, with any valid liens on the assets sold to attach to the Sale proceeds. The price to be paid by the Prevailing Bidder(s) for the Acquired Assets and the terms and conditions for the sale of such assets will be established at the Auction.

12.     The proposed Bidding Procedures and Auction should provide a fair opportunity for open and spirited bidding and generate the highest or best bid for the Acquired Assets. The Debtors reserve the right not to proceed to the Auction or at the Auction not to declare a successful bidder.

13.     The proposed Bidding Procedures are as follows:

14.     <u>Notice by Mail</u>. Within three (3) business days after entry of the Bidding Procedures Order, the Debtors shall serve by first class mail, postage prepaid, copies of the Sale Notice, substantially in the form attached hereto as **Exhibit E**, upon the following entities (collectively, the "<u>Notice Parties</u>"):

   a.   the United States Trustee;

   b.   counsel to Umpqua Bank;

   c.   counsel to Bison Investors, LLC;

   d.   counsel to Medalist Partners Opportunity Master Fund II-A, L.P.;

   e.   all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service;

   f.   the United States Department of Justice;

   g.   all parties that have requested special notice pursuant to Bankruptcy Rule 2002;

   h.   all persons known or reasonably believed to have asserted a Lien on any of the Acquired Assets;

   i.   the counterparties to each of the Assigned Contracts; and

   j.   all persons known or reasonably believed to have expressed an interest in acquiring the Acquired Assets.

15.　　Notice by Publication. Within three (3) business days after entry of the Bidding Procedures Order, the Debtors will publish a notice, substantially in the form attached hereto as **Exhibit F** (the "Publication Notice"), in the National Edition of *The Wall Street Journal* and such other publication(s) as the Debtors and their advisors determine will promote the marketing and sale of the Acquired Assets to other interested parties whose identities are unknown to the Debtors.

16.　　Executory Contracts—Adequate Assurance (1). Any counterparty to an Assigned Contract who wishes to obtain adequate-assurance information regarding any of the bidders that will or may participate at the Auction must notify the Debtors in writing, c/o Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com, **on or before October 26, 2021** (the "Request for Adequate Assurance"). The Request for Adequate Assurance must include an email address and/or postal address to which a response to such information request can be sent.

17.　　Executory Contracts—Adequate Assurance (2). If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such party with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by email and/or overnight delivery **on or before October 28, 2021**. A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until **5:00 p.m. prevailing Central Time on October 29, 2021**, by which to file an objection to adequate assurance of future performance by any of the bidders. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by any of the bidders on or before such time and date, the Court may enter an order forever barring such counterparty to an Assigned Contract from

objecting to adequate assurance of future performance.

18.    <u>Executory Contracts—Cure of Defaults</u>. Except as may otherwise be agreed

to by the parties to an Assigned Contract, at the Closing, the Debtors (directly or through the

Purchaser(s)), shall cure those defaults under the Assigned Contracts that need to be cured

in accordance with the APA and section 365(b) of the Bankruptcy Code, by (a) payment of

the undisputed Cure Amounts and/or (b) reserving amounts with respect to any disputed

Cure Amounts.

19.    <u>Qualifying Bidder</u>. To be a Qualifying Bidder and thereby to be allowed to

participate in the Auction and be eligible to be the Prevailing Bidder, any potential Purchaser

that wishes to submit a bid for the Acquired Assets must meet the following requirements:

>    (a) Each potential Purchaser must submit a Qualifying Bid, defined as an
>    offer to purchase the Acquired Assets (i) with an initial overbid of not less
>    than $750,000 and subsequent overbids in increments of not less than
>    $100,000, provided that the Debtors shall have the authority, at any time
>    before or during the Auction, to raise the minimum overbid increment to
>    $250,000; (ii) using the same documentation as the LOI and to purchase
>    the same assets on the same or more favorable terms for the Debtors as
>    the LOI; (iii) accompanied by a good faith deposit of not less than
>    $3,000,000 and reasonable evidence of financial ability to close the
>    purchase of the Acquired Assets; and (iv) submitted so as to be actually
>    received by the Debtors and their counsel **on or before October 26,
>    2021**; and
>
>    (b) Each potential Purchaser must be willing and able to close no later than
>    three (3) business days after the Effective Date of an Order approving the
>    winning bid. The Effective Date of such an Order is defined as the first
>    day on which such an Order has been entered by the Court and is not
>    subject to any stay of effectiveness, whether such stay is prescribed by
>    Bankruptcy Rule 6004(h), Bankruptcy Rule 6006(d), or the order of any
>    court.

20.    <u>The Auction</u>. The Auction will take place at the offices of Forshey & Prostok

LLP, 777 Main St., Suite 1550, Fort Worth, TX 76102 and on Zoom at **1:00 p.m., prevailing

Central time, on October 29, 2021**. Only RCI and any Qualifying Bidder(s) may participate

at the Auction and be eligible to be the Prevailing Bidder. At the Auction, any subsequent

overbids must be in increments of not less than $100,000, provided that the Debtors shall have the authority, at any time before or during the Auction, to raise the minimum overbid increment to $250,000. Upon completion of the Auction, the Debtors may (but shall not be required to) select a Prevailing Bidder in light of all relevant considerations.

21.     <u>Stalking Horse Protections</u>. In the event RCI is ready, willing, and able to close the acquisition of the Acquired Assets under the terms of the APA to be submitted by RCI, but the offer of a competing bidder is accepted and RCI is not the Prevailing Bidder, (a) RCI will be reimbursed up to $300,000 for actual and necessary expenses in connection with its due diligence and documenting of the proposed transaction under the LOI and any other documents subsequently submitted to the Debtors (the "<u>Expense Reimbursement</u>") and (b) RCI will be entitled to a breakup fee of $200,000 as liquidated damages (the "<u>Breakup Fee</u>"). The Expense Reimbursement and the Breakup Fee are referred to collectively herein as the "<u>Stalking Horse Protections</u>." The Stalking Horse Protections shall be entitled to priority as administrative expenses of the Debtors' estates pursuant to section 503 of the Bankruptcy Code.

22.     <u>Bid Protections Applicable to LOI and APA</u>. Once the Debtors and RCI execute an APA, the Debtors will file and serve a copy of such APA, and thereupon the bid protections to RCI as provided in this Motion and the Sale Order shall be equally applicable to the LOI and the APA.

23.     <u>Hearing to Approve the Sale</u>. The Debtors request that the Court set a hearing to consider approval of the Sale at the Court's earliest convenience after completion of the Auction.

## IV.  RELIEF REQUESTED

24.     By this Motion, the Debtors seek entry of the Bidding Procedures Order:

a. establishing the Bidding Procedures in connection with the sale of the Acquired Assets;

b. approving the form and manner of the Sale Notice;

c. scheduling the Auction and the Sale Hearing;

d. scheduling certain deadlines in connection with the Sale;

e. establishing certain procedures relating to the assumption and assignment of the Assigned Contracts; and

f. granting certain related relief.

25. The Debtors further seek entry of the Sale Order:

a. authorizing the Sale of the Acquired Assets free and clear of all Encumbrances unless otherwise specified;

b. authorizing the assumption and assignment of the Assigned Contracts; and

c. granting certain related relief.

26. The Debtors also request that the Court shorten notice of the Motion and the Sale and consider the Motion on an expedited basis, to the extent of approving the Bidding Procedures, setting deadlines associated therewith, and granting related relief.

## V. BASIS FOR RELIEF

**A. Approval of the Bidding Procedures is Appropriate and in the Best Interests of the Debtors' Estates and Creditors.**

### *(1) The Proposed Notice of Bidding Procedures and Auction Is Appropriate.*

27. The Debtors seek to sell the Acquired Assets through a well-advertised Sale and Auction. The Debtors have already canvassed the market and identify the universe of parties that may be interested in the Acquired Assets and maximizing the value received for such assets. An Auction, subject to this Court's approval, should elicit bids from one or more parties and potentially lead to a robust auction of the Acquired Assets, maximizing the value for the Debtors' estates and their creditors.

28.     Under Bankruptcy Rule 2002(a) and (c), the Debtors are required to notify creditors of the proposed sale of the Acquired Assets, including a disclosure of the time and place of an auction, the terms and conditions of a sale, and the deadline for filing any objections. The Debtors request that the above-described notice of the Sale, the Auction, the Sale Hearing, the Cure Amounts, and the Bidding Procedures be deemed adequate and sufficient.

29.     The Debtors submit that the notice procedures herein comply fully with Bankruptcy Rule 2002 and are reasonably calculated to provide timely and adequate notice of the Sale, the Bidding Procedures, the Auction, the Cure Amounts, and the Sale Hearing to the Debtors' creditors and other parties in interest that are entitled to notice of the Sale, as well as to those parties who have expressed an interest, or may express an interest, in bidding on the Acquired Assets. Based upon the foregoing, the Debtors respectfully request that this Court approve the notice procedures proposed above.

### *(2)     The Bidding Procedures are Appropriate and Will Maximize the Value Received for the Acquired Assets.*

30.     Bidding procedures should be approved when they provide a benefit to the estate by maximizing the value of the assets. *See Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.),* 181 F.3d 527, 535-537 (3d Cir. 1999) (detailing situations where bidding incentives are appropriate in bankruptcy because they provide a benefit to the estate); *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998) ("The purpose of procedural bidding orders is to facilitate an open and fair public sale designed to maximize value for the estate").

31.     The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Mushroom Transp. Co.,* 382 F.3d 325, 339 (3d Cir. 2004) (debtor-in-possession "had a fiduciary duty to protect and maximize

the estate's assets"); *Official Comm. of Unsecured Creditors of Cybergenies Corp. v. Chinery*, 330 F.3d 548, 573 (3d Cir. 2003) (same); *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.),* 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand").

32.     To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See O'Brien Envtl. Energy,* 181 F.3d at 537; *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.),* 147 BR. 650, 659 (S.D.N.Y. 1992) (bidding procedures "encourage bidding and maximize the value of the debtor's assets").

33.     The proposed Bidding Procedures will allow the Debtors to conduct the Auction in a controlled, fair, and open fashion that will encourage participation by financially capable bidders who demonstrate the ability to close a transaction. Such a process will increase the likelihood that the Debtors receive the best possible consideration for the Acquired Assets by helping ensure a competitive and fair bidding process. Consistent with bidding procedures used in comparable situations, the proposed Bidding Procedures use bid increments appropriate for comparable sales. They also allow the Debtors to undertake the auction process in as expeditious a manner as possible, which is essential to maintaining and potentially maximizing value for the estates.

34.     The Auction and the proposed Bidding Procedures are intended to promote active bidding from interested parties and thus dispel any doubts as to the highest or best offer reasonably available for the Acquired Assets. The Bidding Procedures are consistent with other procedures previously approved by courts and are appropriate under the relevant standards governing auction proceedings and bidding incentives in bankruptcy proceedings. *See O'Brien Envtl. Energy,* 181 F.3d at 537; *see also Dura Automotive Systems, Inc.,* Case

No. 06-11202 (KJC) (Bankr. D. Del. July 24, 2007); *New Century TRS Holdings, Inc.,* Case No. 0710416 (MC) (Bankr. D. Del, Apr. 20, 2007); *Three A's Holdings, L.L.C.,* Case No. 06-10886 (BLS) (Bankr. D. Del. Sept. 7, 2006).

35.     Thus, the proposed Bidding Procedures are reasonable, appropriate, and within the Debtors' sound business judgment under the circumstances.

### *(3)     The Overbid Increments are Appropriate.*

36.     An important component of the Bidding Procedures is the "overbid" provision. Competing bids are subject to an initial overbid requirement of $750,000, with further bids subject to an incremental overbid of $250,000. These overbid requirements are reasonable under the circumstances and will enable the Debtors to maximize the value for their assets while limiting any chilling effect on the Sale process.

### *(4)     The Proposed Notice Procedures for the Assigned Contracts and the Identification of Related Cure Amounts are Appropriate.*

37.     As part of the Motion, the Debtors also seek authority under Bankruptcy Code sections 105(a) and 365 to assume and assign the Assigned Contracts to the Prevailing Bidder(s). The Sale Notice identifies the Assigned Contracts to be assumed and assigned to the Prevailing Bidder(s), together with the proposed Cure Amounts. A copy of the Sale Notice will be served on each of the counterparties to the Assigned Contracts consistent with the notice procedures requested herein, as approved by this Court.

### B.     Approval of the Proposed Sale Transaction is Appropriate and in the Best Interests of the Estates.

38.     In accordance with Bankruptcy Rule 6004, sales of property rights outside the ordinary course of business may be by private sale or public auction. The Debtors have determined that the sale of the Acquired Assets, pursuant to the Bidding Procedures and by public auction, should enable them to obtain the highest or best offer for these assets

(thereby maximizing the value of their estates) and is in the best interests of their estates and creditors.

39.    The Sale of the Acquired Assets through an auction process will test the market for the assets. The Debtors seek to establish a process that will provide the greatest possible recovery for the Debtors' estates as compared to any other available existing alternative. The bases for the relief requested in this Motion are founded in a number of provisions of the Bankruptcy Code and Bankruptcy Rules. These bases are discussed in detail below.

> **(1)    *The Sale of the Acquired Assets as Proposed by this Motion is Authorized by Section 363 as a Sound Exercise of the Debtors' Business Judgment.***

40.    Section 363 of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a).

41.    Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.),* 650 F.3d 593, 601 (5th Cir. 2011); *Cadle Co. v. Mims (In re Moore),* 608 F.3d 253, 263 (5th Cir. 2010); *In re Lewis Equip. Co.,* Case No. 09-45785-rfn-11, 2010 Bankr. LEXIS 5401 at *4 (Bankr. N.D. Tex. Mar. 26, 2010).

> Non-exclusive factors used by courts in considering whether to grant a motion to sell (as first established in *In re Lionel*, 722 F.2d 1063, 1071-72 (2d Cir. 1983), which articulated the "business judgment" test) include: 1) whether there was any improper or bad motive involved; 2) whether the price is fair

and reasonable and whether the transaction occurred at an arm's length; and 3) whether there were adequate sales procedures, including proper exposure to the market and fair and reasonable notice to all parties in interest.

*In re Premier Concrete, LLC*, No. 11-10-11154JA, 2010 Bankr. LEXIS 1475 at *6-*7 (Bankr. D. N.M. May 3, 2010) (citing *In re Castre, Inc.,* 312 B.R. 426, 428 (Bankr. Colo. 2004) and *In re Med. Software Solutions*, 286 B.R. 431, 439-440 (Bankr. Utah 2002)).

42.    The Debtors submit that the proposed Auction and Sale satisfies the "sound business reason test." The prompt sale of the Acquired Assets presents the best opportunity to maximize the value for the estates in light of the need to manage and transition the Acquired Assets to a buyer. In addition, the Debtors believe that the Bidding Procedures and Sale Notice are the best method by which they can obtain the best price for the Acquired Assets and provide interested persons with accurate and reasonable notice of the Sale. The Bidding Procedures will allow the Debtors to conduct the Auction in a controlled, fair, and open fashion that will encourage participation by financially capable bidders who demonstrate the ability to close a transaction, thereby increasing the likelihood that the Debtors will receive the best possible consideration for the Acquired Assets by helping ensure a competitive and fair bidding process. The Bidding Procedures also allow the Debtors to undertake the Auction process in as expeditious a manner as possible, which is essential to maintaining and maximizing the value of their estates.

43.    The Debtors will test the value of the consideration to be received for the Acquired Assets through the auction process consistent with the requirements of the Bankruptcy Code and Bankruptcy Rules and pursuant to procedures approved by this Court. Consequently, the fairness and reasonableness of the consideration to be paid by the Purchaser(s) ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process—the best means for establishing whether a fair and reasonable

price is being paid.

44. Thus, the Debtors submit that the proposed Bidding Procedures and sale process will result in the highest or best offer for the Acquired Assets and will provide a greater recovery for the Debtors' estates as compared to any other available alternative. Moreover, the terms and conditions of the APA, including the purchase price, will be tested in the market through an auction process, which will demonstrate the fairness and reasonableness of the consideration being received. Thus, the Debtors' determination to enter into the APA and to sell the Acquired Assets through an auction process is a valid and sound exercise of their business judgment. Accordingly, the Debtors request that this Court make a finding at the Sale Hearing that the proposed Sale is a proper exercise of its business judgment and is authorized.

### (2) *The Sale of the Acquired Assets Free and Clear of Encumbrances and Other Interests is Authorized by Section 363(f).*

45. The Debtors further submit that it is appropriate to sell the Acquired Assets free and clear of Encumbrances (except for such assumed liabilities and permitted encumbrances as may be expressly set forth in the APA) pursuant to section 363(f) of the Bankruptcy Code, with any such Encumbrances attaching to the net proceeds of the Sale, as and to the extent applicable. Section 363(1) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if:

1) applicable nonbankruptcy law permits sale of such property free and clear of such interests;

2) such entity consents;

3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

4) such interest is in bona fide dispute; or

5) such entity could be compelled, in a legal or equitable proceeding, to

accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by section 105(a) of the Bankruptcy

Code, which provides that "[t]he court may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *Id.* § 105(a).

46.     Because Bankruptcy Code section 363(f) is drafted in the disjunctive,

satisfaction of any one of its five requirements will suffice to permit the sale of the Acquired

Assets "free and clear" of liens and interests. *See In re Nature Leisure Times, LLC,* Case

No. 06-41357, 2007 Bankr. LEXIS 4333 at *7 (Bankr. E.D. Tex. Dec. 19, 2007); *see also In

re Dura Auto. Sys.,* Case No. 06-11202 (KJC), 2007 Bankr. LEXIS 2764 at *262-*263

(Bankr. D. Del. Aug. 15, 2007); *In re Shary,* 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993).

47.     One or more of the tests of section 363(1) will be satisfied with respect to the

sale of the Acquired Assets. In particular, at least section 363(f)(2) will be met in connection

with the transactions proposed because each of the parties holding liens on the Acquired

Assets, if any, will consent, or absent any objection to this Motion, will be deemed to have

consented to, the Sale. Any lienholder also will be adequately protected by having their

Encumbrances, if any, in each instance against the Debtors or their estates, attach to the

cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such

creditor alleges an interest, in the same order of priority and with the same validity, force,

and effect that such creditor had prior to the Sale, subject to any claims and defenses the

Debtors and their estates may assert with respect thereto. Accordingly, section 363(1)

authorizes the transfer and conveyance of the Acquired Assets free and clear any such

Encumbrances.

> **(3)    The Prevailing Bidder(s) are Good Faith Purchaser(s) and are Entitled to the Full Protection of Section 363(m) of the Bankruptcy Code, and the Transfer of the Acquired Assets Does Not Violate Section 363(n).**

48.    Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith," the Fifth Circuit has explicated the term in this context in two ways:

> On the one hand, we have defined a "good faith purchaser" as "one who purchases the assets for value, in good faith, and without notice of adverse claims." On the other hand, we have noted that "the misconduct that would destroy a purchaser's good faith status . . . involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

*TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.),* 764 F.3d 512, 521 (5th Cir. 2014) (omission in original) (quoting *Hardage v. Herring Nat'l Bank,* 837 F.2d 1319, 1323 (5th Cir. 1988) and *In re Bleaufontaine, Inc.,* 634 F.2d 1383, 1390 n.7 (5th Cir. Unit B 1981)).

49.    Upon execution, the APA will have been negotiated at arm's-length and in good faith. Thus, the Purchaser(s) should be entitled to the full protections of Bankruptcy Code section 363(m). A party would have to show fraud or collusion between the buyer and the debtor in possession or trustee or other bidders in order to demonstrate a lack of good faith. *See Official Comm. of Senior Unsecured Creditors v. First RepublicBank Corp.*, 106 B.R. 938, 942 (N.D. Tex. 1989) (absent showing of fraud or collusion, purchaser entitled to protections of § 363(m)).

50.     By the time of execution of the APA, the Debtors and the Purchaser(s) will have engaged in thorough arm's-length negotiations over the terms of the APA, and there will be no fraud or collusion in those negotiations. Upon execution of the APA, and per the terms of the APA, the Purchaser(s) will have recognized that the Debtors were free to deal with any other party interested in acquiring the Acquired Assets, Upon execution of the APA, the Purchaser(s) also will have complied with the provisions in the Bidding Procedures Order and agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order. Additionally, all payments to be made by the Purchaser(s) and other agreements or arrangements entered into by the Purchaser(s) in connection with the Sale will have been disclosed.

51.     In this case, there is absolutely no indication of fraud or improper insider dealing of any kind. The APA does not constitute avoidable transactions pursuant to section 363(n), and the Purchaser(s) should receive the protections afforded good faith purchasers by section 363(m). Accordingly, the Debtors request that this Court make a finding at the Sale Hearing that the APA reached with the Purchaser(s) was at arm's length and is entitled to the full protections of Bankruptcy Code section 363(m).

**C.      Assumption and Assignment of the Assigned Contracts is Authorized by Section 365 of the Bankruptcy Code.**

52.     Section 365(a) and (b) of the Bankruptcy Code authorize a debtor-in-possession to assume executory contracts or unexpired leases subject to the court's approval and requires such debtor-in-possession to satisfy certain requirements at the time of assumption. Under section 365(a) of the Bankruptcy Code, a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor-in-possession's decision to assume or reject an executory contract will generally be approved if it is shown to be an exercise of reasonable

business judgment. *Official Comm. of Unsecured Creditors v. Potomac Elec. Power Co. (In re Mirant Corp.),* 378 F.3d 511, 526 (5th Cir. 2004); *Lifemark Hospitals, Inc. v. Liljeberg Enters. (In re Liljeberg Enters.),* 304 F.3d 410, 438 (5th Cir. 2002); *In re Senior Care Ctrs., LLC*, 607 B.R. 580, 587 (Bankr. N.D. Tex. 2019).

> "As long as assumption of a lease appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision to assume the lease should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. . . ."

*Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985) (omission in original) (quoting *Allied Technology, Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982)).

53.     In the present case, the Debtors' assumption and assignment of the Assigned Contracts to the Purchaser(s) meets the business judgment standard and satisfies the requirements of section 365 of the Bankruptcy Code, As discussed above, the transactions contemplated by the APA will provide significant benefits to the Debtors' estates. The Assigned Contracts are necessary for the Purchaser(s) to conduct the business, and, since no purchaser would take the Acquired Assets without them, the assumption and assignment of the Assigned Contracts is essential to inducing the highest or best offer for the Acquired Assets. Because the Debtors cannot otherwise obtain the benefits of the APA, the assumption of the Assigned Contracts is undoubtedly a sound exercise of the Debtors' business judgment.

**D.      Relief Under Bankruptcy Rules 6004(h) and 6006(d) is Appropriate.**

54.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired

lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtors request that any order approving the APA and the assumption and assignment of the Assigned Contracts be effective immediately by providing that the fourteen-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

55.     The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen-day stay period. However, the leading treatise on bankruptcy suggests that the fourteen-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 *Collier on Bankruptcy* ¶ 6004.11 (16th ed. 2021).

56.     To maximize the value received for the Acquired Assets, the Debtors seek to close the sale as soon as possible after the Sale Hearing. Accordingly, the Debtors hereby request that the Court waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

**E.      Considering the Motion on an Expedited Basis is Necessary and Appropriate and in the Best Interests of the Debtors' Estates and Creditors.**

57.     Finally, the Debtors request that the Court shorten notice of the Motion and the Sale and consider the Motion on an expedited basis. Ordinarily, a party is required to give 21 days' notice of a proposed use, sale, or lease of property of the estate outside the ordinary course of business. Fed. R. Bankr. P. 2002(a)(2). However, for cause shown, the court may reduce the notice period "in [the court's] discretion with or without motion or notice." *Id.* 9006(c)(1); *see also id.* 9006(c)(2) (notice period on proposed use, sale, or lease

of property of the estate is not excluded from court's power to shorten notice).

58.     In this case, good cause exists for shortening notice of the Motion and the Sale and the related deadlines, and for considering the Motion on an expedited basis. The Acquired Assets consist primarily of accounts receivable, which are subject to declining value as time passes. Accordingly, expediting the Sale is clearly in the best interests of the Debtors' estates and their creditors.

59.     Moreover, the Debtors believe that allowing the typical 21 days' notice of the Motion would not result in any significant benefit, either for parties in interest who might object to the Motion or for the Debtors' estates. The Debtors have kept parties in interest, including parties who assert security interests in the Acquired Assets, closely apprised of developments in the proposed sale of these assets. Additionally, as noted above, the Debtors and their financial advisors extensively marketed the Debtors' assets for approximately nine months before the commencement of these cases. The Debtors are confident that these marketing efforts have identified virtually all if not all potential buyers for the Acquired Assets. The Debtors believe that the deadlines proposed in the Bidding Procedures are sufficient to elicit any higher or better offers that are likely to be made. The Debtors do not think it likely that allowing additional time for notice of the Motion and the Sale beyond the deadlines proposed in the Bidding Procedures would be result in yet higher or better offers that would compensate for the increased risk of diminution in value of the Acquired Assets that further delay would cause. For these reasons, the Debtors submit that good cause exists to shorten notice of the Motion and the Sale pursuant to Bankruptcy Rules 2002(c)(2) and 9006(c)(1) and to consider the Motion on an expedited basis to the extent of approving the Bidding Procedures, establishing deadlines in connection therewith, and granting related relief.

## VI.  CONCLUSION

WHEREFORE, the Debtors pray that the Court enter the Bidding Procedures Order, (A) establishing the Bidding Procedures in connection with the Sale of the Acquired Assets; (B) approving the Sale Notice; (C) scheduling the Auction and the Sale Hearing; (D) setting certain deadlines in connection therewith; (E) establishing certain procedures relating to the assumption and assignment of the Assigned Contracts; and (F) granting certain related relief. The Debtors further pray that the Court shorten notice of the Motion and the Sale pursuant to Bankruptcy Rules 2002(c)(2) and 9006(c)(1) and consider the Motion on an expedited basis; and grant the Debtors such other or further relief to which they may be justly entitled.

DATED: October 5, 2021                              Respectfully submitted,

                                                    */s/ Jeff P. Prostok*
                                                    Jeff P. Prostok
                                                    State Bar No. 16352500
                                                    Lynda L. Lankford
                                                    State Bar No. 11935020
                                                    **FORSHEY & PROSTOK LLP**
                                                    777 Main St., Suite 1550
                                                    Fort Worth, TX 76102
                                                    Telephone: (817) 877-8855
                                                    Facsimile: (817) 877-4151
                                                    jprostok@forsheyprostok.com
                                                    llankford@forsheyprostok.com

                                                    **PROPOSED COUNSEL FOR THE
                                                    DEBTORS AND DEBTORS-IN-
                                                    POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed on the attached service list via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on October 5, 2021.


*/s/ Jeff P. Prostok*
Jeff P. Prostok

**Service List**
**Flexible Funding Ltd. Liability Co.**
**21-42215-mxm11**
**#6264**

Flexible Funding Ltd. Liability Co.
5600 Clearfork Main St.
Suite 420
Fort Worth, TX 76109

Elizabeth Young, Trial Attorney
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75202

Laurie Spindler
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
DALLAS, TX 75207

Umpqua Bank
Attn: Kevin Foley
11720 El Camino Real Suite 100
San Diego, CA 92130

First Horizon Bank
165 Madison Ave. 10th Floor
Memphis, TN n38103

CIT Bank
f/k/a Mutual of Omaha Bank
3580 Camel Mountain Road, Suite 160
San Diego, CA 92130

Umpqua Bank
c/o Loan Support Services
PO Box 1580
Roseburg, OR 97470

Bison Investors, LLC
1775 Wehrle Drive, Ste. 300
Williamsville, NY 14221

Medalist Partners LP
777 Third Avenue
Suite 1402
New York, NY 10017

Capper Investment Company, LLC, c/o
Norman Capper
1101 Fifth Avenue, 350
San Rafael, CA 94901lao

Jan Marcus Capper
1350 Butterfield Road
San Anselmo, CA 94960

Charisse Castagnoli
6905 Peppervine Cv.
Austin, TX 78750

Cheng Chin Liao
13526 Cielo Ranch Road
San Diego, CA 92130

Cheng Te Liao
940 Camino Verde Cir
Walnut Creek, CA 94597

The Frances Capper Marital Trust FBO
Frances Capper, c/o Norman Capper
1101 Fifth Avenue #350
San Rafael, CA 94901

Jerry & Rosemary Fong
7700 Marker Road
San Diego, CA 92130s

Steve Elias
One Embarcadero Center Ste 1510
San Francisco, CA 94111-3627

Scott Dirvonas, c/o Dirvonas Interactive,
LLC
PO Box 665
Edwards, CO 81632

Scott Dirvonas, c/o Dirvonas Interactive,
LLC
210 Edwards Village Blvd #D201
Edwards, CO 81632

Bison Investors LLC, c/o Levinson,
Arshonsky & Kurtz, LP
15303 Ventura Blvd.,
Suite 1650
Sherman Oaks, CA 91403

A Bigger Bottom Line
4470 W. Sunset Blvd
Unit 90599
Los Angeles CA 90027

Boston Properties
Property 1
PO Box 742841
Los Angeles CA 90074-2841

Carle Mackie Power & Ross LLP
100 B Street
Suite 400
Santa Rosa, CA 95401

Cogent Communications
PO Box 791087
Baltimore, MD 21279-1087

Corporation Service Company
801 Stevenson Drive
Springfield, IL 62703

Divonas Interactive
PO Box 665
Edwards, CO 81632

Experian
Department 1971
Los Angeles, CA 90088

Fastmetrics
PO Box 77267
San Francisco, CA 94107

Federal Express
PO Box 7221
Pasadena, CA 1109-7321

Fox Rothchild
2000 Market Street
20th Floor
Philadelphia, PA 19103

Maher Accountancy
1101 Fifth Avenue
Suite 200
San Rafael, CA 94901

Marcum, LLP
6685 Beta Drive+
Mayfield Village, OH 44143

Omninet CV Townsgate
9420 Wilshire Blvd.
#400
Beverly Hills     CA     90212

PAHL & McCAY
225 West Santa Clara St
Ste 1500
San Jose, CA 95113-1700

Prime Financial Recruiting
225 West Santa Clara St
Balch Springs, TX 75180

Shared Management Resources, Ltd.
28026 Gates Mills Blvd.
Pepper Pike, OH 44124

Sweet Memory
545 Sansome Street
Suite E
San Francisco, CA 94111

Tax Guard, Inc.
11800 Ridge Parkway
Suite 400
Broomfield, CO 80021

Terrence A. Greiner P.C.
25 South Cayuga Dr
Williamsville, NY 14221.

Thompson, Welch, Soroko & Gilbert LLP
3950 Civic Center Drive
Suite 300
San Rafael, CA 94903

United Commercial Collections
4455 Genesee St.
#116
Buffalo, NY 14225

Verizon Wireless
PO Box 96088
Bellvue, WA 98009

Voco Vilya, Inc.
6905 Peppervine Cove
Austin, TX 78750

WOLLBORG - MICHELSON PERSONNEL
315 Montgomery Street
Suite 1029
San Francisco, CA 94104

Sauce Labs
116 New Montgomery St.
3rd Floor
San Francisco, CA 94104

3115 Manor MU, Ltd
9229 Waterford Centre Blvd.
C-100
Austin, TX 78758

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Rae Internet
271 N Ave STE 1210
New Rochelle, NY 10801-5120

Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

RingCentral, Inc.
20 Davis Drive
Belmont, CA 94002

FactorCloud
3490 Piedmont Rd NE
Suite 1350
Atlanta, GA 30305

LinkedIn
1000 W Maude Ave
Sunnyvale, CA 94085

Amazon Web Services, Inc.
410 Terry Avenue North
Seattle, WA 98109-5210

Webflow
398 11th St
2nd Floor
San Francisco, CA 94103

Ahrefs
180 Sansome St
Fl 2
San Francisco, CA 94104

Moz
1111 3rd Ave
17th Floor
Seattle, WA 98101

CNA Insurance
151 N Franklin St
Floor 9
Chicago, IL 60606

JetBrains
989 East Hillsdale Blvd.
Suite 200
Foster City, CA 94404

Georgia Superior Courts Clerks Cooperative
Authority
1875 Century Blvd
Atlanta, GA 30345

Intercom.IO
55 2nd Street
4th Floor
San Francisco, CA 94105

Slack Headquarters
500 Howard St
San Francisco, CA 94105

Bureau of Corporations & Charitable
Organizations
401 North Street
Room 206
Harrisburg, PA 17120

International Factoring Association
6627 Bay Laurel Place
Ste C
Avila Beach, CA 93424

Shutterstock, Inc.
350 Fifth Avenue
21st Floor
New York, NY 10118

GitHub
88 Colin P Kelly Jr St
San Francisco, CA 94107

CircleCI
201 Spear St
#1200
San Francisco, CA 94105

Plaid Inc.
PO Box 636
San Francisco, CA 94104

Notion HQ
930 Alabama St
San Francisco, CA 94110

Pluralsight HQ
182 N W Union Avenue
Farmington, UT 84025

Adobe Creative Cloud
345 Park Avenue
San Jose, CA 95110-2704

Texas Secretary of State
1019 Brazos St
Austin, TX 78701

Zapier, Inc.
548 Market St.
#62411
San Francisco, CA 94104-5401

Truckstop.com
222 N Plymouth Ave
New Plymouth, ID 83655

Rose Silver Software, LLC
6609 Walebridge Ln
Austin, TX 78739

Hellosign
1800 Owens Street
San Francisco, CA 94158

Atlassian
303 Colorado
St #1600
Austin, TX 78701

WeWork Corporate HQ
115 W. 18th Street
New York, NY 10011

Twilio
375 Beale St
#300
San Francisco, CA 94105

Mailchimp
675 Ponce De Leon Ave NE
Suite 5000
Atlanta, GA 30308

First Corporate Solutions, Inc.
914 S St
Sacramento, CA 95811

Raintank, Inc.
29 BROADWAY
31ST FLOOR
New York, NY 10006

Salesforce
2300 N Field St
Dallas, TX 75201

**Chaport**
**156a Yakova Eshpaya Street**
**office 34**
**Yoshkar-Ola, Mari El Republic 424002,**
**Russian Federation**

**Skyvia,**
**2230/4 Na Žertvách St.**
**Prague Czech Republic 180 00**

**UptimeRobot**
**Regent House, Office 21, Bisazza Street,**
**Sliema SLM1640, Malta**

**Saasant,**
**1st FLOOR,1111/5, NOBLE CENTER,**
**AVINASHI ROAD, P.N PALAYAM,**
**COIMBATORE - 641037,**
**TAMIL NADU, INDIA**

Ropes & Gray LLP
PO Box 70280
Philadelphia, PA 19176-0280

Chi Wei Liao
940 Camino Verde Cir
Walnut Creek, CA 94597

Demetra Liggins
McGuire Woods, LLP
JP Morgan Chase Tower
600 Travis Street, Suite 7500
Houston, TX 77002

A Bigger Bottom Line
4470 W. Sunset Blvd
Unit 90599
Los Angeles, CA 90027

AgileBits
4711 Yonge St
10th Floor
Toronto, Canada

Carrier411 Services, Inc.
1540 INTERNATIONAL PARKWAY
LAKE MARY, FL

Chaport
156a Yakova Eshpaya Street
office 34
Yoshkar-Ola, Mari El Republic 424002, Ru

Greathorn, Inc.
1075 Main St
Suite 210
Waltham, MA 2451

UptimeRobot
Regent House
Office 21, Bisazza Street
Sliema SLM1640, Malta

Wall Street Journal
1211 Avenue of the Americas
New York, NY

Webflow
398 11th St
2nd Floor
San Francisco, CA 94103

WeWork Corporate HQ
115 W. 18th Street
New York, NY 10011

Aaron Strain
315 Slate Lane
Apt 9210
Mount Pleasant, SC 29464

AP Shale Logistics Management Co, LLC
Attn: Scott Prince
5600 Clearfork Main St.
Suite 420
Fort Worth, TX 76109

CHRISTOPHER CARNES
1485 Ogden Peak Circle
Ogden, UT 84404

Cindy Reacer
2481 Silver Spur Drive
Santa Rosa, CA 95407

Dirvonas Associates
PO Box 665
Edwards, CO 81632

Duesenberg Investment Company, LLC
c/o Topa Property Group, Inc.
1800 Avenue of the Stars
Suite 650
Los Angeles, CA 90067

Eileen Hall
PO Box 4388
Eagle, CO 81631

Embarcadero Financial Group
Attn: David Rockman
1 Embarcadero Center
#1540
San Francisco, CA 94111

Focus Management Group
6585 N Avondale Ave
Chicago, IL 60631

Gregory C
6207 Riverchase Village Drive
Kingwood, TX 77345

Gabriel King
1028 Kawana Springs Road
Apt 102
Santa Rosa, CA 95404

Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

Irma King
1028 Kawana Springs Road
Apt 102
Santa Rosa, CA 95404

James Burke
422 Fulton Street
Camarillo, CA 93010

Justin Reacer
2481 Silver Spur Drive
Santa Rosa, CA 95407

Karina Contreras
1233 Kawana Terrace
Apt 8202
Santa Rosa, CA 95404

Kevin Narayan
11 Bellhaven Court
Daly City, CA 74015

Levinson, Arshonsky & Kurtz, LP
15303 Ventura Blvd.,
Suite 1650
Sherman Oaks, CA 91403

Linda Nguyen
505 Timber Way Drive
Lewisville, TX 75067

Maher Accountancy
1101 Fifth Avenue
Suite 200
San Rafael, CA 94901

Michael McHaney
2539 New Heather Way
Chico, CA 95973

One Embarcadero Center Venture
c/o Boston Properties, Inc.
Attn: General Counsel Prudential Center
800 Boylston Street, Suite 1900
Boston, MA 2199

Paul DeLuca
4900 Gage Ave.
Apt 347
Fort Worth, TX 76109

Prime Financial Recruiting
4713 Kyle Drive
Balch Springs, TX 75180

Roberto Garcia
1513 Corte Lejos
Camarillo, CA 93010

Scott Dirvonas
108 Creamery Trail
Edwards, CO 81632

Steve Capper
1350 Butterfield Road
San Anselmo, CA 94960

Steve Sala
3358 East La Vie Lane
Cottonwood Heights, UT 84093

The Steve & Jyoti Elias Trust
One Embarcadero Center Ste 1510
San Francisco, CA 94111-3627

Ward & Smith
82 Patton Avenue, Suite 300 (28801)
Asheville, NC  28802-2020

# EXHIBIT A

# BIDDING PROCEDURES ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | § | |
| *et al.,* | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTOR INSTAPAY
FLEXIBLE LLC'S ASSETS, (B) APPROVING THE FORM AND MANNER
OF THE SALE NOTICE, (C) SCHEDULING AN AUCTION AND SALE
HEARING, (D) SCHEDULING CERTAIN DEADLINES, AND
(E) APPROVING PROCEDURES FOR DETERMINING CURE AMOUNTS**

Upon consideration of the motion (the "Motion")[1] [Docket No. _____] of Flexible

Funding Ltd. Liability Co. ("Flexible") and InstaPay Flexible LLC ("InstaPay") (collectively, the

"Debtors") for entry of an order, among other things: (a) establishing Bidding Procedures to

sell the Acquired Assets comprising all or substantially all of InstaPay's assets;

(b) scheduling an Auction to sell the Acquired Assets; (c) scheduling the Sale Hearing;

(d) scheduling deadlines for InstaPay's receipt of a marked asset purchase agreement;

(e) approving the notice of the Sale, the Bidding Procedures, the Auction and the Sale

Hearing; (f) establishing procedures for determining Cure Amounts in connection with the

assumption and assignment of the Assigned Contracts; and (g) granting other related relief;

and it appearing that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] Unless otherwise stated, all capitalized terms not defined herein shall have the same
meaning as set forth in the Motion.

estates, their creditors, and other parties in interest; and it appearing that this Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the

Motion and opportunity for objection having been given, with no objections or requests for

hearing having been filed; and it appearing that no other or further notice need be given; and

after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[2]

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S C. § 1334. This

proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue

is proper in this District and in this Court pursuant to 28 US.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested herein are sections 105(a),

363(b) and (f), 365, 503, and 507 of title 11 of the United States Code (the "<u>Bankruptcy

Code</u>") and Rules 2002(a)(2), 6004(a), (b), (c), (e), and (f), 6006(a) and (c), 9007, and 9014

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

C.      Notice of the Motion, having been given to the Notice Parties (as defined

herein), is sufficient in light of the circumstances and the nature of the relief requested

herein.

D.      The Debtors have articulated good and sufficient reasons for this Court to

grant the relief requested in the Motion regarding the sales process, including, without

limitation, (1) approval of the Bidding Procedures and, under the circumstances described

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

herein; (2) determination of final Cure Amounts in the manner described herein; and (3) approval and authorization to serve the Sale Notice.

E. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

F. The Sale Notice, substantially in the form attached hereto as **Exhibit 1** and incorporated herein by reference as if fully set forth in this Order, is reasonably calculated to (1) provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction and (2) provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract(s) or unexpired lease(s) and any Cure Amounts relating thereto.

G. The Stalking Horse Protections (defined below) (i) constitute actual, necessary costs and expenses of preserving the InstaPay's estate within the meaning of section 503(b)(1)(A) of the Bankruptcy Code; (ii) are of substantial benefit to InstaPay's estate by, among other things, establishing a bid standard or minimum for other potential purchasers of the Acquired Assets and placing estate property in a sales configuration mode attracting other potential purchasers, (iii) are reasonable and appropriate, including in light of the size and nature of the transactions contemplated by the proposed agreement and the efforts that have been or will be expended by Revolution Capital (USA) Inc. ("RCI"), notwithstanding that the proposed transaction is subject to higher and better offers, and (iv) were negotiated by the parties at arm's length and in good faith.

H. In the event RCI is ready, willing, and able to close the acquisition of the Acquired Assets under the terms of the APA to be submitted by RCI, but the offer of a competing bidder is accepted and RCI is not the Prevailing Bidder, the losses suffered by RCI in such event would be difficult to quantify, and the Stalking Horse Protections (defined below) are a reasonable measure and estimate of RCI's damages resulting therefrom.

**UPON THE FOREGOING, IT IS HEREBY ORDERED:**

1.      The Bidding Procedures, substantially in the form attached hereto as

**Exhibit 2**, and incorporated herein by reference as if fully set forth in this Order, are hereby

approved. The Debtors are authorized to take any and all actions necessary or appropriate

to implement the Bidding Procedures.

2.      All objections to the relief requested in the Motion that have not been

withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by

stipulation filed with the Court, are overruled except as otherwise set forth herein.

3.      The Sale Notice is hereby approved and shall be served within three (3)

business days of entry of this Order upon (a) the United States Trustee; (b) counsel to

Umpqua Bank; (c) counsel to Bison Investors, LLC; (d) counsel to Medalist Partners

Opportunity Master Fund II-A, L.P.; (e) all taxing authorities having jurisdiction over any of

the Acquired Assets, including the Internal Revenue Service; (f) the United States

Department of Justice; (g) all parties that have requested special notice pursuant to

Bankruptcy Rule 2002; (h) all persons known or reasonably believed to have asserted a

Lien on any of the Acquired Assets; (i) the counterparties to each of the Assigned Contracts;

and (j) all persons known or reasonably believed to have expressed an interest in acquiring

the Acquired Assets (collectively, the "Notice Parties").

4.      The Sale Notice shall, among other things: (i) identify the potential Assigned

Contracts, (ii) specify the Cure Amounts necessary to assume and assign such Assigned

Contracts, and (iii) state that failure to timely object to the proposed assumption and

assignment and/or the Cure Amount shall constitute deemed consent to such assumption

and assignment and Cure Amount.

5.      On or before three (3) business days of entry of this Order, the Debtor shall

publish the Publication Notice, substantially in the form of **Exhibit 3** attached hereto, in the

National Edition of *The Wall Street Journal* and such other publication(s) as the Debtors and their advisors determine will promote the marketing and sale of the Acquired Assets to other interested parties whose identities are unknown to the Debtors.

6. As further described in the Bidding Procedures, the Debtors shall conduct the Auction on October 29, 2021, if a Qualifying Bid (as defined in the Bidding Procedures) is timely received.

7. Any counterparty to an Assigned Contract who wishes to obtain adequate-assurance information regarding any of the bidders that will or may participate at the Auction must notify the Debtors in writing, c/o Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com, **on or before October 26, 2021** (the "Request for Adequate Assurance"). The Request for Adequate Assurance must include an email address and/or postal address to which a response to such information request can be sent.

8. If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such party with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by email and/or overnight delivery on or before **October 28, 2021.** A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until **5:00 p.m. prevailing Central Time on October 29, 2021**, by which to file an objection to adequate assurance of future performance by any of the bidders. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by any of the bidders on or before such time and date, the Court may enter an order forever barring such counterparty to an Assigned Contract from objecting to adequate

assurance of future performance.

9.      Except as may otherwise be agreed to by the parties to an Assigned

Contract, at the Closing, the Debtors (directly or through the Purchaser(s)), shall cure those

defaults under the Assigned Contracts that need to be cured in accordance with the APA

and section 365(b) of the Bankruptcy Code, by (a) payment of the undisputed Cure Amounts

and/or (b) reserving amounts with respect to any disputed Cure Amounts.

10.      The Sale Hearing will be conducted on _____, 2021, _____

__:m. prevailing Central time. The Debtors will seek the entry of an order of this Court at the

Sale Hearing approving and authorizing the Sale to the highest and best offer at the Auction,

on terms and conditions consistent with the submitted APA, as may be amended and

modified. The Sale Hearing may be adjourned or rescheduled without notice other than by

an announcement of the adjourned date at the Sale Hearing.

11.      In the event RCI is ready, willing, and able to close the acquisition of the

Acquired Assets under the terms of the APA to be submitted by RCI, but the offer of a

competing bidder is accepted and RCI is not the Prevailing Bidder, (a) RCI will be

reimbursed up to $300,000 for actual and necessary expenses in connection with its due

diligence and documenting of the proposed transaction under the LOI and any other

documents subsequently submitted to the Debtors (the "Expense Reimbursement") and

(b) RCI will be entitled to a breakup fee of $200,000 as liquidated damages (the "Breakup

Fee"). The Expense Reimbursement and the Breakup Fee are referred to collectively herein

as the "Stalking Horse Protections." The Stalking Horse Protections shall be entitled to

priority as administrative expenses of the Debtors' estates pursuant to section 503 of the

Bankruptcy Code.

12.      Once the Debtors and RCI execute an APA, the Debtors will file and serve a

copy of such APA, and thereupon the bid protections to RCI as provided in the Motion and

this Order shall be equally applicable to the LOI and the APA.

13.     Any objection to approval of the Sale and the related relief described herein must be filed with the Court and served on counsel for the Debtors, the United States Trustee, and all parties who have requested notice in these cases so as to be actually received on or before _____, 2021. Failure to timely file and serve such an objection may result in the Court's refusal to hear any such objection at the Sale Hearing.

14.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a),

16.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

17.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

DATED:_____

_____
MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# SALE NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | § | |
| *et al.,* | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**NOTICE OF (A) BID DEADLINE, AUCTION, AND SALE HEARING IN**
**CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE**
**DEBTOR INSTAPAY FLEXIBLE LLC'S ASSETS AND (B) THE DEBTORS'**
**INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE**

NOTICE IS HEREBY GIVEN, as follows:

1.     Flexible Funding Ltd. Liability Co. ("Flexible") and InstaPay Flexible LLC ("InstaPay") (collectively, the "Debtors") seek to sell substantially all of InstaPay's assets (the "Acquired Assets").

2.     On or about October __, 2021, the Debtors filed a Motion pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking approval of among other things, (i) bidding procedures that govern the manner in which the Acquired Assets is to be sold (the "Bidding Procedures"), (ii) scheduling certain dates and deadlines, including an auction date, sale hearing date, and receipt of marked asset purchase agreements, (iii) the form and manner of the sale and publication notices, and (iv) procedures for determining cure amounts and adequate assurance of future performance for the executory contracts to be assumed and assigned (the "Assigned Contracts").

3.     On or about _____, 2021, the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court"), entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures, setting key dates and times relating to the sale of the Acquired Assets. As set forth in the Bidding Procedures, the sale of the Acquired Assets is subject to competing offers from any prospective qualified bidder. ***All interested potential bidders should carefully read the Bidding Procedures.***

4.     All interested parties are invited to make offers to purchase the Acquired Assets in accordance with the terms of the Bidding Procedures and Bidding Procedures

Order, available upon written request from Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com.

5.     The deadline to submit bids for the Acquired Assets (the "Bid Deadline") is October 26, 2021. Pursuant to the Bidding Procedures Order, if the Debtors receive, by the Bid Deadline, more than one bid that meets the qualification standards set forth in the Bidding Procedures (a "Qualifying Bid"), the Debtors will conduct an auction (the "Auction") for the sale of the Acquired Assets on October 29, 2021, at 1:00 p.m. prevailing Central time. Only (a) parties and their advisors that have submitted a Qualifying Bid by the Bid Deadline, (b) counsel to the Debtors, and (c) other parties specified in the Bidding Procedures Order will be permitted to participate in and/or make any statements on the record at the Auction. The Auction will be conducted at the offices of Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102 and on Zoom. The Debtors reserve the right to change the date or the place of the Auction and will notify Qualifying Bidders if they do so.

6.     The Bidding Procedures Order further provides that a Sale Hearing will be held to confirm the results of the Auction, approve the sale of the Acquired Assets to the successful bidder(s) at the Auction (the "Prevailing Bidder(s)"), and approve the other relief requested in the Motion on _____, 2021, at ____ __.m. prevailing Central time, in the courtroom of the Honorable Mark X Mullen, United States Bankruptcy Judge, in the Eldon B. Mahon U.S. Courthouse, 501 W. 10th Street, Fort Worth, TX 76102, or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

7.     Any objection to approval of the Sale and related relief must be filed with the Court and served on counsel for the Debtors, the United States Trustee, and all parties who have requested notice in these cases so as to be actually received on or before _____, 2021. Failure to timely file and serve such an objection may result in the Court's refusal to hear any such objection at the Sale Hearing.

8.     Pursuant to the Motion and section 365 of the Bankruptcy Code, the Debtors request authority to assume and assign the Assigned Contracts to the Prevailing Bidder(s), and that upon such assumption and assignment the Debtors shall be relieved of any liability under the Assigned Contracts arising after the Closing. Attached hereto as **Exhibit 1** is a schedule of the Assigned Contracts that may be assumed and assigned under the APA, together with the proposed cure amount relating to each Assigned Contract.

9.     Any counterparty to an Assigned Contract who wishes to obtain adequate-assurance information regarding any of the bidders that will or may participate at the Auction must notify the Debtors in writing, c/o Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com, **on or before October 26, 2021** (the "Request for Adequate Assurance"). The Request for Adequate

Assurance must include an email address and/or postal address to which a response to such information request can be sent.

10.    If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such party with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by email and/or overnight delivery on or before **October 28, 2021.** A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until **5:00 p.m. prevailing Central Time on October 29, 2021**, by which to file an objection to adequate assurance of future performance by any of the bidders. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by any of the bidders on or before such time and date, the Court may enter an order forever barring such counterparty to an Assigned Contract from objecting to adequate assurance of future performance.

11.    Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety.

DATED: October _____, 2021

Jeff P. Prostok, Esq.
State Bar No. 16352500
Lynda L. Lankford, Esq.
State Bar No. 11935020
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-
POSSESSION

# EXHIBIT 1

# ASSIGNED CONTRACTS

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale -InstaPay/sale notice 20211003_144155.docx

# EXHIBIT 2

# BIDDING PROCEDURES

**BIDDING PROCEDURES**

1.      Notice by Mail. Within three (3) business days after entry of the Bidding

Procedures Order, the Debtors shall serve by first class mail, postage prepaid, copies of the

Sale Notice, substantially in the form attached to the Bidding Procedures Motion as

**Exhibit E**, upon the following entities (collectively, the "Notice Parties"):

     a.   the United States Trustee;

     b.   counsel to Umpqua Bank;

     c.   counsel to Bison Investors, LLC;

     d.   counsel to Medalist Partners Opportunity Master Fund II-A, L.P.;

     e.   all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service;

     f.   the United States Department of Justice;

     g.   all parties that have requested special notice pursuant to Bankruptcy Rule 2002;

     h.   all persons known or reasonably believed to have asserted a Lien on any of the Acquired Assets;

     i.   the counterparties to each of the Assigned Contracts; and

     j.   all persons known or reasonably believed to have expressed an interest in acquiring the Acquired Assets.

2.      Notice by Publication. Within three (3) business days after entry of the

Bidding Procedures Order, the Debtors will publish a notice, substantially in the form

attached to the Bidding Procedures Motion as **Exhibit F** (the "Publication Notice"), in the

National Edition of *The Wall Street Journal* and such other publication(s) as the Debtors and

their advisors determine will promote the marketing and sale of the Acquired Assets to other

interested parties whose identities are unknown to the Debtors.

3.      Assigned Contracts—Adequate Assurance (1). Any counterparty to an

Assigned Contract who wishes to obtain adequate-assurance information regarding any of the bidders that will or may participate at the Auction must notify the Debtors in writing, c/o Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com, **on or before October 26, 2021** (the "Request for Adequate Assurance"). The Request for Adequate Assurance must include an email address and/or postal address to which a response to such information request can be sent.

4.      Assigned Contracts—Adequate Assurance (2). If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such party with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by email and/or overnight delivery on or before **October 28, 2021.** A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until **5:00 p.m. prevailing Central Time on October 29, 2021**, by which to file an objection to adequate assurance of future performance by any of the bidders. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by any of the bidders on or before such time and date, the Court may enter an order forever barring such counterparty to an Assigned Contract from objecting to adequate assurance of future performance.

5.      Assigned Contracts—Cure of Defaults. Except as may otherwise be agreed to by the parties to an Assigned Contract, at the Closing, the Debtors (directly or through the Purchaser(s)), shall cure those defaults under the Assigned Contracts that need to be cured in accordance with the APA and section 365(b) of the Bankruptcy Code, by (a) payment of the undisputed Cure Amounts and/or (b) reserving amounts with respect to any disputed Cure Amounts.

6.      Qualifying Bidder. To be a Qualifying Bidder and thereby to be allowed to

participate in the Auction and be eligible to be the Prevailing Bidder, any potential Purchaser

that wishes to submit a bid for the Acquired Assets must meet the following requirements:

(a) Each potential Purchaser must submit a Qualifying Bid, defined as an offer to purchase the Acquired Assets (i) with an initial overbid of not less than $750,000 and subsequent overbids in increments of not less than $100,000, provided that the Debtors shall have the authority, at any time before or during the Auction, to raise the minimum overbid increment to $250,000; (ii) using the same documentation as the LOI and to purchase the same assets on the same or more favorable terms for the Debtors as the LOI; (iii) accompanied by a good faith deposit of not less than $3,000,000 and reasonable evidence of financial ability to close the purchase of the Acquired Assets; and (iv) submitted so as to be actually received by the Debtors and their counsel **on or before October 26, 2021**; and

(b) Each potential Purchaser must be willing and able to close no later than three (3) business days after the Effective Date of an Order approving the winning bid. The Effective Date of such an Order is defined as the first day on which such an Order has been entered by the Court and is not subject to any stay of effectiveness, whether such stay is prescribed by Bankruptcy Rule 6004(h), Bankruptcy Rule 6006(d), or the order of any court.

7.      The Auction. The Auction will take place at the offices of Forshey & Prostok

LLP, 777 Main St., Suite 1550, Fort Worth, TX 76102 and on Zoom at **1:00 p.m., prevailing**

**Central time, on October 29, 2021**. Only RCI and any Qualifying Bidder(s) may participate

at the Auction and be eligible to be the Prevailing Bidder. At the Auction, any subsequent

overbids must be in increments of not less than $100,000, provided that the Debtors shall

have the authority, at any time before or during the Auction, to raise the minimum overbid

increment to $250,000. Upon completion of the Auction, the Debtors may (but shall not be

required to) select a Prevailing Bidder in light of all relevant considerations.

8.      Stalking Horse Protections. In the event RCI is ready, willing, and able to

close the acquisition of the Acquired Assets under the terms of the APA to be submitted by

RCI, but the offer of a competing bidder is accepted and RCI is not the Prevailing Bidder,

(a) RCI will be reimbursed up to $300,000 for actual and necessary expenses in connection with its due diligence and documenting of the proposed transaction under the LOI and any other documents subsequently submitted to the Debtors (the "Expense Reimbursement") and (b) RCI will be entitled to a breakup fee of $200,000 as liquidated damages (the "Breakup Fee"). The Expense Reimbursement and the Breakup Fee are referred to collectively herein as the "Stalking Horse Protections." The Stalking Horse Protections shall be entitled to priority as administrative expenses of the Debtors' estates pursuant to section 503 of the Bankruptcy Code.

9.    Bid Protections Applicable to LOI and APA. Once the Debtors and RCI execute an APA, the Debtors will file and serve a copy of such APA, and thereupon the bid protections to RCI as provided in the Bidding Procedures Motion and the Bidding Procedures Order shall be equally applicable to the LOI and the APA.

10.    Hearing to Approve the Sale. The Debtors request that the Court set a hearing to consider approval of the Sale at the Court's earliest convenience after completion of the Auction.

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale-InstaPay/bidding procedures 20211003_144155.docx

# EXHIBIT 3

# PUBLICATION NOTICE

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale-InstaPay/order approving bid procedures 20211003_144155.docx

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., et al., | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | (Jointly Administered) |

**NOTICE OF PUBLIC AUCTION AND SALE HEARING**

NOTICE IS HEREBY GIVEN, as follows:

**PLEASE TAKE NOTICE** that Flexible Funding Ltd. Liability Co. ("Flexible") and InstaPay Flexible LLC ("InstaPay") (collectively, the "Debtors") filed a motion on October ____, 2021 [Docket No. ____] (the "Sale Motion"), with the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October ____, 2021, the Bankruptcy Court entered an order [Docket No. ____] (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures") which set the key dates, times and procedures related to the sale of substantially all of InstaPay's assets (the "Acquired Assets") pursuant to the terms outlined in the Sale Motion. ***All interested bidders should carefully read the Bidding Procedures***. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedure shall control.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, an auction (the "Auction") to sell the Acquired Assets will be conducted at the offices of Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102 and on Zoom, or at another location as may be timely disclosed by the Debtors to Qualifying Bidders (as defined in the Bidding Procedures), on October 29, 2021, at 1:00 p.m. prevailing Central time. Only (1) parties and their advisors that have submitted a Qualifying Bid (as defined in the Bidding Procedures) by no later than October 26, 2021, at 5:00 p.m. prevailing Central time, (2) counsel to the Debtors, and (3) other parties specified in the Bidding Procedures Order will be permitted to participate in and/or make any statements on the record at the Auction.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to confirm the results of the Auction and approve the sale transactions contemplated in the Sale Motion to the Prevailing Bidder(s) at the Auction (the "Sale Hearing") before the Honorable Mark X Mullen, United States Bankruptcy Judge, in the Eldon B. Mahon U.S. Courthouse, 501 W. 10th Street, Fort Worth, TX 76102. Such hearing will be held on _____, 2021 at _____ ___.m. or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Any objection to approval of the Sale and related relief must be filed with the Court and served on counsel for the Debtors, the United States Trustee, and all parties who have requested notice in these cases so as to be actually received on or before _____, 2021. Failure to timely file and serve such an objection may result in the Court's refusal to hear any such objection at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the full terms and conditions of the Sale Motion, the Bidding Procedures Order and the Bidding Procedures which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety.

DATED: October ____, 2021

Jeff P. Prostok, Esq.
State Bar No. 16352500
Lynda L. Lankford, Esq.

State Bar No. 11935020
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale-InstaPay/publication notice 20211003_144155.docx

# EXHIBIT B

# SALE ORDER

# EXHIBIT C

## ASSET PURCHASE AGREEMENT

## [TO BE PROVIDED PRIOR TO SALE HEARING]

# EXHIBIT D

# SCHEDULE OF ASSIGNED CONTRACTS

# EXHIBIT E

# SALE NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | § | |
| *et al.,* | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**NOTICE OF (A) BID DEADLINE, AUCTION, AND SALE HEARING IN**
**CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE**
**DEBTOR INSTAPAY FLEXIBLE LLC'S ASSETS AND (B) THE DEBTORS'**
**INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES IN CONNECTION WITH THE PROPOSED SALE**

NOTICE IS HEREBY GIVEN, as follows:

1.        Flexible Funding Ltd. Liability Co. ("Flexible") and InstaPay Flexible LLC ("InstaPay") (collectively, the "Debtors") seek to sell substantially all of InstaPay's assets (the "Acquired Assets").

2.        On or about October __, 2021, the Debtors filed a Motion pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking approval of among other things, (i) bidding procedures that govern the manner in which the Acquired Assets is to be sold (the "Bidding Procedures"), (ii) scheduling certain dates and deadlines, including an auction date, sale hearing date, and receipt of marked asset purchase agreements, (iii) the form and manner of the sale and publication notices, and (iv) procedures for determining cure amounts and adequate assurance of future performance for the executory contracts to be assumed and assigned (the "Assigned Contracts").

3.        On or about _____, 2021, the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court"), entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures, setting key dates and times relating to the sale of the Acquired Assets. As set forth in the Bidding Procedures, the sale of the Acquired Assets is subject to competing offers from any prospective qualified bidder. ***All interested potential bidders should carefully read the Bidding Procedures.***

4.        All interested parties are invited to make offers to purchase the Acquired Assets in accordance with the terms of the Bidding Procedures and Bidding Procedures

Order, available upon written request from Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com.

5.      The deadline to submit bids for the Acquired Assets (the "Bid Deadline") is October 26, 2021. Pursuant to the Bidding Procedures Order, if the Debtors receive, by the Bid Deadline, more than one bid that meets the qualification standards set forth in the Bidding Procedures (a "Qualifying Bid"), the Debtors will conduct an auction (the "Auction") for the sale of the Acquired Assets on October 29, 2021, at 1:00 p.m. prevailing Central time. Only (a) parties and their advisors that have submitted a Qualifying Bid by the Bid Deadline, (b) counsel to the Debtors, and (c) other parties specified in the Bidding Procedures Order will be permitted to participate in and/or make any statements on the record at the Auction. The Auction will be conducted at the offices of Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102 and on Zoom. The Debtors reserve the right to change the date or the place of the Auction and will notify Qualifying Bidders if they do so.

6.      The Bidding Procedures Order further provides that a Sale Hearing will be held to confirm the results of the Auction, approve the sale of the Acquired Assets to the successful bidder(s) at the Auction (the "Prevailing Bidder(s)"), and approve the other relief requested in the Motion on _____, 2021, at ____ __.m. prevailing Central time, in the courtroom of the Honorable Mark X Mullen, United States Bankruptcy Judge, in the Eldon B. Mahon U.S. Courthouse, 501 W. 10th Street, Fort Worth, TX 76102, or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

7.      Any objection to approval of the Sale and related relief must be filed with the Court and served on counsel for the Debtors, the United States Trustee, and all parties who have requested notice in these cases so as to be actually received on or before _____, 2021. Failure to timely file and serve such an objection may result in the Court's refusal to hear any such objection at the Sale Hearing.

8.      Pursuant to the Motion and section 365 of the Bankruptcy Code, the Debtors request authority to assume and assign the Assigned Contracts to the Prevailing Bidder(s), and that upon such assumption and assignment the Debtors shall be relieved of any liability under the Assigned Contracts arising after the Closing. Attached hereto as **Exhibit 1** is a schedule of the Assigned Contracts that may be assumed and assigned under the APA, together with the proposed cure amount relating to each Assigned Contract.

9.      Any counterparty to an Assigned Contract who wishes to obtain adequate-assurance information regarding any of the bidders that will or may participate at the Auction must notify the Debtors in writing, c/o Jeff P. Prostok, Esq. and Lynda L. Lankford, Esq., Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102, email: jprostok@forsheyprostok.com and llankford@forsheyprostok.com, **on or before October 26, 2021** (the "Request for Adequate Assurance"). The Request for Adequate

Assurance must include an email address and/or postal address to which a response to such information request can be sent.

10.     If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such party with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by email and/or overnight delivery on or before **October 28, 2021.** A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until **5:00 p.m. prevailing Central Time on October 29, 2021**, by which to file an objection to adequate assurance of future performance by any of the bidders. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by any of the bidders on or before such time and date, the Court may enter an order forever barring such counterparty to an Assigned Contract from objecting to adequate assurance of future performance.

11.     Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety.

DATED: October _____, 2021

Jeff P. Prostok, Esq.
State Bar No. 16352500
Lynda L. Lankford, Esq.
State Bar No. 11935020
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-
POSSESSION

# EXHIBIT 1

# ASSIGNED CONTRACTS

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale -InstaPay/sale notice 20211003_144155.docx

# EXHIBIT F

# PUBLICATION NOTICE

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale-InstaPay/motion to approve bid procedures and sale 20211005_090953.docx

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., et al., | § | Case No. 21-42215-11-mxm |
| | § | |
| Debtors. | § | (Jointly Administered) |

<u>**NOTICE OF PUBLIC AUCTION AND SALE HEARING**</u>

NOTICE IS HEREBY GIVEN, as follows:

      **PLEASE TAKE NOTICE** that Flexible Funding Ltd. Liability Co. ("<u>Flexible</u>") and InstaPay Flexible LLC ("<u>InstaPay</u>") (collectively, the "<u>Debtors</u>") filed a motion on October _____, 2021 [Docket No. _____] (the "<u>Sale Motion</u>"), with the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "<u>Bankruptcy Court</u>").

      **PLEASE TAKE FURTHER NOTICE** that on October _____, 2021, the Bankruptcy Court entered an order [Docket No. _____] (the "<u>Bidding Procedures Order</u>") approving the bidding procedures (the "<u>Bidding Procedures</u>") which set the key dates, times and procedures related to the sale of substantially all of InstaPay's assets (the "<u>Acquired Assets</u>") pursuant to the terms outlined in the Sale Motion. ***All interested bidders should carefully read the Bidding Procedures***. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedure shall control.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, an auction (the "<u>Auction</u>") to sell the Acquired Assets will be conducted at the offices of Forshey & Prostok LLP, 777 Main Street, Suite 1550, Fort Worth, Texas 76102 and on Zoom, or at another location as may be timely disclosed by the Debtors to Qualifying Bidders (as defined in the Bidding Procedures), on October 29, 2021, at 1:00 p.m. prevailing Central time. Only (1) parties and their advisors that have submitted a Qualifying Bid (as defined in the Bidding Procedures) by no later than October 26, 2021, at 5:00 p.m. prevailing Central time, (2) counsel to the Debtors, and (3) other parties specified in the Bidding Procedures Order will be permitted to participate in and/or make any statements on the record at the Auction.

      **PLEASE TAKE FURTHER NOTICE** that a hearing will be held to confirm the results of the Auction and approve the sale transactions contemplated in the Sale Motion to the Prevailing Bidder(s) at the Auction (the "<u>Sale Hearing</u>") before the Honorable Mark X Mullen, United States Bankruptcy Judge, in the Eldon B. Mahon U.S. Courthouse, 501 W. 10th Street, Fort Worth, TX 76102. Such hearing will be held on _____, 2021 at _____ ___.m. or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Any objection to approval of the Sale and related relief must be filed with the Court and served on counsel for the Debtors, the United States Trustee, and all parties who have requested notice in these cases so as to be actually received on or before _____, 2021. Failure to timely file and serve such an objection may result in the Court's refusal to hear any such objection at the Sale Hearing.

      **PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the full terms and conditions of the Sale Motion, the Bidding Procedures Order and the Bidding Procedures which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety.

      DATED: October _____, 2021

                                          Jeff P. Prostok, Esq.
                                          State Bar No. 16352500
                                          Lynda L. Lankford, Esq.

State Bar No. 11935020
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

/Users/blakeberryman/Dropbox/Documents/Blake Law Documents/F&P MATTERS/Instapay Flexible/363 Sale-InstaPay/publication notice 20211003_144155.docx