



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 13, 2022

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | § | |
| *et al.,* | § | Case No. 21-42215-mxm-11 |
| | § | |
| Debtors. | § | |
| | § | (Jointly Administered) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**CONFIRMING AMENDED CHAPTER 11 JOINT PLAN OF LIQUIDATION FOR**
**FLEXIBLE FUNDING LTD. LIABILITY CO. AND INSTAPAY FLEXIBLE, LLC**

On June 28, 2022, the Court held a hearing to consider confirmation of the *Amended*

*Chapter 11 Joint Plan of Liquidation of Flexible Funding Ltd. Liability Co. and Instapay*

*Flexible, LLC* [Dkt. No. 382] (as amended, revised, or modified, the "Plan") filed by the

Debtors Flexible Funding Ltd. Liability Co. ("Flexible") and Instapay Flexible, LLC ("Instapay"

and collectively with Flexible, the "Debtors").  Defined terms used in this order, unless

otherwise specifically defined herein, shall be given the same meaning as in the Plan.

The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code

on September 19, 2021.  The Debtors have, at all times, managed and operated their

businesses as debtors-in-possession.  No trustee, examiner, or committee has been appointed in these Chapter 11 Cases.

On May 18, 2022, the Court entered the *Order (A) Conditionally Approving Disclosure Statement; (B) Scheduling Combined Hearing on Final Approval of Disclosure Statement and Confirmation of Plan and Setting Related Deadlines; (C) Approving Forms for Voting and Notice; and (D) Granting Related Relief* [Dkt. No. 386] (the "Solicitation Order").  Pursuant to the Solicitation Order, the Court, among other things, conditionally approved the *Amended Disclosure Statement for Chapter 11 Amended Joint Plan of Liquidation for Flexible Funding Ltd. Liability Co. and Instapay Flexible, LLC* [Dkt. No. 383] ("Disclosure Statement") and established procedures for the solicitation and tabulation of votes to accept or reject the Plan, fixed deadlines for objections to the final approval of the Disclosure Statement and confirmation of the Plan, approved certain notices to Creditors and parties-in-interest, and set a combined hearing for the final approval of the Disclosure Statement and confirmation of the Plan ("Combined Hearing") for June 28, 2022, at 1:30 p.m. (Central Time).

The Solicitation Order approved the following documents (collectively, the "Solicitation Materials") to be served on Creditors entitled to vote on the Plan:

    a)    the Disclosure Statement, with a copy of the Plan attached as an exhibit thereto;

    b)    the Solicitation Order;

    c)    a Ballot for voting on the Plan;

    d)    a Notice ("Notice of Combined Hearing") reflecting the deadlines and other information relating to confirmation of the Plan; and

    e)    a letter (the "Transmittal Letter") from counsel for the Debtors relating to the confirmation of the Plan.

The Combined Hearing was commenced at the time and date scheduled.  Based on the testimony, exhibits, and proffered evidence presented, judicial notice of the record of the Chapter 11 Cases, and the arguments of counsel, the Court makes this *Findings of Fact,*

*Conclusions of Law, and Order Confirming the Amended Chapter 11 Joint Plan of Liquidation of Flexible Funding Ltd. Liability Co. and Instapay Flexible, LLC* (the "Confirmation Order") relating to the Plan.

ACCORDINGLY, the Court hereby finds and determines as set forth below:

A.      *Findings and Conclusions*.  All findings of fact or conclusions of law made by the Court on the record at the Combined Hearing are hereby incorporated in their entirety into this Confirmation Order.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable herein by Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      *Jurisdiction; Venue; Core Proceeding*.  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. sections 157(b) and 1334.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.[1]  Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (L) and (O) over which the Court has exclusive jurisdiction and full constitutional jurisdiction and authority to enter final orders with respect thereto.

C.      *Judicial Notice*.  The Court hereby takes judicial notice of the docket of the Chapter 11 Cases and all adversary proceedings arising out of these cases and maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings, stipulations and other documents filed with, all orders entered by, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

---

[1] Unless otherwise indicated, section references are to the Bankruptcy Code.

D.  _Eligibility for Relief_.  Each of the Debtors qualified for relief as "debtor" pursuant to section 109 of the Bankruptcy Code.  The Debtors are the proponents of the Plan in accordance with section 1121 of the Bankruptcy Code.

E.  _Commencement and Administration of the Chapter 11 Cases_.  The Chapter 11 Cases were commenced on September 19, 2021.  No trustee or examiner has been appointed in the Chapter 11 Cases.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage and operate their businesses as debtors-in-possession.

F.  _Burden of Proof_.  The Debtors have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.  The Court finds that the Debtors have met each element of such burden.  The testimony of the Debtors' witnesses in support of the Plan was credible and believable on the subjects and issues for which such testimony was offered.

G.  _Transmittal and Mailing of Solicitation Materials and Notices_.  The deadlines relating to the confirmation of the Plan, including the solicitation of acceptances of the Plan, are set forth in the Solicitation Order and Notice of Combined Hearing.  The Solicitation Order also prescribes the documents which are to be served upon Creditors and parties-in-interest as a part of the Solicitation Materials as described above.  The Disclosure Statement and the Solicitation Materials were all approved in the Solicitation Order.  The Debtors filed a _Certificate of Service_ [Dkt. No. 390] ("Solicitation Certificate of Service") reflecting the service of the Solicitation Materials upon Creditors and parties-in-interest potentially entitled to vote on the Plan.  Based upon the Solicitation Certificate of Service, once the Disclosure Statement and the Solicitation Materials were served on Creditors, the Debtors were entitled to solicit Ballots accepting the Plan.

H.  _Appropriate Notice_.  Based upon the service of notice reflected in the Solicitation Certificate of Service, full adequate and timely notice of the confirmation process and associated deadlines and hearings has been given to all Creditors and parties-in-interest.

I.    _Adequacy of Solicitation Procedures_.  The procedure used to serve and distribute the Solicitation Materials to the holders of Claims potentially entitled to vote on the Plan and to tabulate the Ballots returned by such holders of Claims was fair and was conducted in good faith in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.  Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of the Disclosure Statement and the Solicitation Materials, which contain adequate information and otherwise in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and N.D. Tex. L.B.R. 3018-1.

J.    _Good Faith Solicitation – section 1125(e)_.  Based on the record before the Court in the Chapter 11 Cases, the Debtors and the Estate Professionals have acted in good faith within the meaning of sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order, in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125, and are entitled to the protections afforded by section 1125(e).

K.    _Ballot Tabulation_.  The Voting Deadline of June 17, 2022, as set by the Solicitation Order for casting Ballots to accept or reject the Plan, has passed.  The Debtors have tabulated the Ballots submitted by all Classes entitled to vote in connection with the Plan and which is reflected in the _Tabulation of Ballots in Connection with Confirmation of Amended Chapter 11 Joint Plan of Liquidation for Flexible Funding Ltd. Liability co. and Instapay Flexible, LLC_ [Dkt. No.421] ("Ballot Tabulation").  No objection has been made to the Ballot Tabulation. The Court accepts the Ballot Tabulation as accurately reflecting the Ballots cast to accept or reject the Plan by the Classes entitled to vote on the Plan.

L.    _Classes Deemed to Have Accepted or Rejected the Plan_.  Class 1 and Class 2

under the Plan are deemed to have accepted the Plan pursuant to section 1126(f).  No Class is

conclusively deemed to have rejected the Plan pursuant to section 1126(g).

M.    _Impaired Classes Voting to Accept or Reject the Plan_.  Based upon the Ballot

Tabulation, the Court finds that the following Classes have voted on the Plan as follows:

| **Class** | **Ballots Accepting** | | **Ballots Rejecting** | |
|---|---|---|---|---|
| | Number | Amount | Number | Amount |
| Class 3 Subordinated Secured Claim – Bison | 1 | $2,115,000 | 0 | |
| Class 4 Subordinated Secured Claim – Medalist | 1 | $15,700,000 | 0 | |
| Class 5 Other Secured Claims | 1 | $120,036.79 | 0 | |
| Class 6 General Unsecured Claims | 12 | $8,259,633.54 | 0 | |
| Class 7 Interests | 1 | 50% interest | 0 | |

N.    _Plan Objections_.  One objection to the Plan was filed by Medalist Partners

Opportunity Master Fund II-A, L.P. [Dkt. No. 420] (the "Objection").  Medalist is the sole member

Class 4 holding the Class 4 Subordinated Secured Claim.  Medalist and the Debtors reached an

agreement resolving the Objection as set forth in Paragraph 2 hereunder.   With the agreement,

the Objection is deemed withdrawn by Medalist.  Additionally, Medalist originally cast a vote to

reject the Plan, and the parties having reached an agreement resolving Medalist's objection to

the Plan, Medalist announced at the Confirmation Hearing that its vote rejecting vote is changed

to a vote accepting the Plan.

O.    _Plan Administrator_.  The Debtors selected Michael F. Burkart ("Mr. Burkart") as

the Debtors selected Michael F. Burkart ("Mr. Burkart") as the Plan Administrator.  Based upon the record, Mr. Burkart is well qualified to act as the Plan

Administrator and his appointment in this position is in the best interests of the Creditors of the Estate. The selection of Mr. Burkart to be the Plan Administrator is hereby approved.

P.     *Reservation and Retention of Estate Claims and Defenses*. As set forth below, the Debtors have delineated the Estate Claims and Estate Defenses to be retained in Article VIII of the Plan. This is also reflected in Exhibit A to the Plan, which sets forth the Estate Claims and Estate Defenses. On June 24, 2022, the Debtors filed the *Non-Material Modification to Amended Plan* [Dkt. No. 422] ("Non-material Modification") which amends Exhibit A to the Plan by replacing it in the entirety with the Amended Exhibit A attached to the Non-Material Modification ("Amended Exhibit A"). The Court finds the amendments made in the Amended Exhibit A constitute non-material modification that do not require re-solicitation of the Plan. The Court concludes that the identification and retention of the Estate Claims and Estate Defenses in the Plan and the Amended Exhibit A to the Plan is reasonable and appropriate and reflects a proper exercise of the good faith business judgment of the Debtors.

Article VIII of the Plan, including Amended Exhibit A, contain a specific and unequivocal reservation of the Estate Claims and Estate Defenses as required under section 1123(b)(3) and applicable Fifth Circuit authority.[2] The Court finds that it is in the best interests of the holders of Claims, in order to maximize the value available to holders of Allowed Claims, that the Estate Claims and Estate Defenses be retained. The Court therefore concludes that all Estate Claims and Estate Defenses are expressly, specifically, and unequivocally retained and reserved pursuant to Article VIII and Amended Exhibit A of the Plan in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. All Estate Claims and Estate Defenses are hereby reserved for the benefit of the Creditors of the Debtors and the Estate. The Plan Administrator, on behalf of Liquidating Debtors, shall be entitled to file, prosecute and/or settle each of the

---

[2] *In re Texas Wyoming Drilling, Inc.,* 647 F.3d 547 (5th Cir. 2011); *In re United Operating, L.L.C.,* 540 F.3d 351 (5th Cir. 2008).

retained Estate Claims and Estate Defenses so reserved in accordance with the terms of the Plan and this Confirmation Order.

Q.      *Claim Objections and Resolutions*.  Pursuant to the Plan, the Liquidating Debtors, acting through the Plan Administrator, have the sole power and exclusive standing and authority to object to any Claim.  Without limiting the generality of the foregoing, the Plan Administrator shall have the power:  (a) to object to any Claim which may be asserted against the Debtors on any legal or equitable basis; (b) to seek equitable subordination of any Claim on any legal or equitable basis; (c) to assert any right of setoff or recoupment, including without limitation, any such right pursuant to section 553; (d) to assert any and all Estate Defenses to any Claim, whether legal or equitable, including any affirmative defenses or any right of setoff; (e) to assert Estate Claims as counterclaims against any Claim, whether arising out of the same or different transactions, both for an affirmative recovery and as an offset against any such Claim; and (f) to object to any Claims on the basis of section 502(d).  Vesting such exclusive power and standing in the Liquidating Debtors is reasonable and appropriate, is in the best interests of the Creditors, and is authorized by, and in compliance with, section 1123(b)(3) of the Bankruptcy Code.

R.      *Substantive Consolidation*.  Substantive consolidation of the Debtors is appropriate under the circumstances because the Debtors have been viewed by its management as a single corporate entity with two separate business divisions.  Incoming revenue of the Debtors were collected in one lockbox and used by both Debtors as needed. Both Debtors were obligors on the senior secured line of credit and the subordinated secured obligation owed to Medalist.  Post-petition, proceeds from the sale of assets of both Debtors were used to pay the senior secured lender and remaining proceeds are needed to pay subordinated secured obligation.  As a result, forcing the unwinding of the Debtors at this stage is anticipated to result in the estates incurring substantial cost and expenses without any assurance of benefits to creditors of one or the other Debtors.

S.      _Plan Compliance with Bankruptcy Code_.  The Plan complies with the applicable

provisions of the Bankruptcy Code, including the following:

(i)      _Proper Classification – sections 1122, 1123(a)(1)_. The Plan designates

seven (7) Classes of Claims and Interests.  The Claims and Interests placed in each Class are

substantially similar to other Claims and Interests, as the case may be, in each such Class.

Based upon the record of the Combined Hearing and the record of the Chapter 11 Cases, valid

business, factual, and legal reasons exist for separately classifying the various Classes of

Claims and Interests created under the Plan, and such Classes do not unfairly discriminate

among holders of Claims and Interests.  Consequently, the Plan satisfies both sections 1122

and 1123(a)(1).

(ii)     _Specify Unimpaired Classes – section 1123(a)(2)_.  The Plan specifies

Classes 1 and 2 to be unimpaired classes.  Consequently the Plan satisfies section 1123(a)(2)

of the Bankruptcy Code.

(iii)    _Specify Treatment of Impaired Classes – section 1123(a)(3)_.  Article IV of

the Plan specifies the treatment of Claims and Interests which are included in the impaired

Classes, thereby satisfying section 1123(a)(3).

(iv)     _No Discrimination – section 1123(a)(4)_.  The Plan provides for the same

treatment for each Claim or Interest in each respective Class unless the holder of a particular

Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  This

satisfies section 1123(a)(4).

(v)      _Implementation of Plan – section 1123(a)(5)_.  The Plan provides for the

means for its implementation, including the provisions of Articles VI through XII of the Plan.

This includes (i) the substantive consolidation of the Debtors in Article XI; (ii) the vesting

pursuant to section 6.03 of the Plan of all Assets to the Liquidating Debtors; and (iii) the

assumption by the Liquidating Debtors in section 6.04 of the Plan of all liabilities and obligations

to make Distributions under the Plan.  The Plan provides reasonable, adequate, and appropriate means for its implementation, thereby satisfying section 1123(a)(5).

(vi)    *Selection of Officers and Directors – section 1123(a)(7)*.  Prior to the Combined Hearing, the Debtor properly and adequately disclosed the identity and affiliations of the Plan Administrator.  Because the Plan provides for the dissolution of the Debtors after all Plan obligations have been satisfied, no other or further disclosure is required pursuant to section 1123(a)(7) regarding the Debtors' officers or managers.

(vii)    *Additional Plan Provisions – section 1123(b)*. The Plan's additional provisions are appropriate and are not inconsistent with the applicable provisions of the Bankruptcy Code.

(viii)    *Satisfaction of section 1123(a) and (b)*.  The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan, the administration of the Debtors' Estate, and the making of Distributions to holders of Allowed Claims.  Therefore, the Plan satisfies the requirements of sections 1123(a) and (b).  Sections 1123(c) and (d) are not applicable to the Plan.

T.    *Compliance with Fed. R. Bankr. P. 3016*.  The Plan is dated and identifies the Debtors as the proponents, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).  Further, the Plan describes in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, including with respect to the Plan Injunction, thereby satisfying Bankruptcy Rule 3016(c) to the extent applicable.

U.    *Compliance with Fed. R. Bankr. P. 3017*.  The Debtors have given notice of the Combined Hearing as required by Bankruptcy Rule 3017 and the Solicitation Order.  The Solicitation Materials prescribed by the Solicitation Order were transmitted to the interested parties entitled to vote or provisionally allowed to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

V.      _Compliance with Fed. R. Bankr. P. 3018_.  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Plan was transmitted to all holders of Claims and Interests entitled to vote or provisionally allowed to vote on the Plan, sufficient time was prescribed for such parties to accept or reject the Plan, and the Solicitation Materials used and solicitation procedures followed comply with sections 1125 and 1126, thereby satisfying the requirements of Bankruptcy Rule 3018.  Further, the Debtors have filed the Ballot Tabulation at least one day prior to the Combined Hearing, thereby satisfying N.D. Tex. L.B.R. 3018-1.[3]

W.      _Compliance with Title 11 – section 1129(a)(1)_.  The Plan complies with the applicable provisions of the Bankruptcy Code thereby satisfying section 1129(a)(1).

X.      _Debtor's Compliance with Bankruptcy Code – section 1129(a)(2)_.  The Debtors, as the proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2).

Y.      _Plan Proposed in Good Faith – section 1129(a)(3)_.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined and considered the totality of the circumstances surrounding the formulation of the Plan, including both the record at the Combined Hearing and the record of the Chapter 11 Cases.  Accordingly, the Court concludes that the Debtors have proposed the Plan for legitimate and honest purposes.

Z.      _Payments for Services or Costs and Expenses – section 1129(a)(4)_.  All payments to be made by the Plan Administrator under the Plan for services or for costs and expenses incurred prior to the Effective Date of the Plan for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to

---

[3] The Debtors subsequently amended the Ballot Tabulation with the Amended Ballot Tabulation filed on June 28, 2022, at Docket Number 428.

these cases, will either have been approved or are subject to final approval of the Court

pursuant to the terms of the Plan, thereby satisfying section 1129(a)(4).

AA.    *Directors, Officers, and Insiders – section 1129(a)(5)*.  The Debtors have

complied with section 1129(a)(5).  The identity and affiliations of the proposed Plan

Administrator has been fully disclosed.  As the Debtors will be dissolved upon fulfilling their

obligations under the Plan, no further disclosure is required regarding Debtors' officers,

managers, or insiders.

BB.    *No Rate Changes – section 1129(a)(6)*.  The Debtors ceased to operate in

November 2021.  There is no regulatory commission having jurisdiction after confirmation of the

Plan over the rates of the Debtors and no rate change is provided for in the Plan requiring

approval of any such commission.  Therefore, section 1129(a)(6) is not applicable to the

Debtors or the Plan.

CC.    *Best Interests of Creditors – section 1129(a)(7)*.  The Plan satisfies section

1129(a)(7).  The liquidation analysis included in the Disclosure Statement and the exhibits and

evidence proffered or adduced at the Combined Hearing regarding the liquidation of the

Debtors' Assets were persuasive and credible.  The record establishes that each holder of an

impaired Claim has either accepted the Plan or will receive or retain under the Plan, on account

of such Claim, property of a value, as of the Effective Date, that is not less than the amount that

such holder would receive or retain if the Debtors were liquidated under chapter 7 of the

Bankruptcy Code as of the Effective Date.

DD.    *Acceptance or Rejection by Certain Classes – section 1129(a)(8)*.  The five (5)

impaired Classes of Claims and Interests voted as follows to accept or reject the Plan:

a)    Class 3 -   accept;

b)    Class 4 -   one accepting vote for Class 4 cast by the sole member of the class

was received after the Voting Deadline upon extension of the Voting Deadline by

the Debtors.  The Court finds good cause exists to count the accepting vote for Class 4;

c)      Class 5 -    accept;

d)      Class 6 -    accept; and

e)      Class 7 –    two accepting votes for Class 7 were received after the Voting Deadline upon extension of the Voting Deadline by the Debtors.  The Court finds good cause exists to count the accepting vote for Class 7 and therefore Class 7 has accepted the Plan.

All Classes entitled to vote have voted to accept the Plan.  Consequently, section 1129(a)(8) is satisfied.

EE.      *Treatment of Administrative Expenses and Priority Tax Claims – section 1129(a)(9)*.  Article III of the Plan addresses the treatment of unclassified Claims.  The treatments of Administrative Claims and Priority Tax Claims pursuant to Article III of the Plan and the treatment of Priority Non-Tax Claims pursuant to section 4.01 of the Plan satisfy the requirements of sections 1129(a)(9)(A), (B) and (C).

FF.      *Acceptance by Impaired Class of Claims – section 1129(a)(10)*.  Classes 3 to 7 are all impaired Classes of Claims.  All Classes entitled to vote have voted to accept the Plan in accordance with section 1126(e) of the Bankruptcy Code.  The tabulation for Classes 3 to 5 excludes the votes of any insiders included in such Classes.  Therefore, the requirement of section 1129(a)(10) that at least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

GG.      *Feasibility – section 1129(a)(11)*.  The Plan is a liquidation plan which provides adequate and appropriate means for its implementation of the liquidation of all remaining assets by the Liquidating Debtors acting through the Plan Administrator.  Accordingly, to the extent

applicable to a liquidating plan, the Court finds that the Plan satisfies the requirements of section 1129(a)(11).

HH.    *Payment of Fees – section 1129(a)(12)*.  All fees payable under 28 U.S.C. section 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date, thus satisfying the requirements of section 1129(a)(12).

II.    *Continuation of Retiree Benefits – section 1129(a)(13)*.  The Debtors did not provide any retiree benefits within the meaning of section 1114.  Thus, the requirements of section 1129(a)(13) are not applicable to the Plan.

JJ.    *Domestic Support Obligations – section 1129(a)(14)*.  The Debtors are not individuals and are not required by judicial or administrative order, or by statute, to pay a domestic support obligation. Thus, the requirements of section 1129(a)(14) of the Bankruptcy Code do not apply to the Plan.

KK.    *Debtors are Not Individuals – section 1129(a)(15)*.  The Debtors are not individuals thus section 1129(a)(15) does not apply to the Plan.

LL.    *Cram Down – section 1129(b)*.  All Classes entitled to vote have voted to accept the Plan.  Accordingly, section 1129(b) is not necessary or applicable.

MM.    *Only One Plan – section 1129(c)*.  This Confirmation Order confirms a single plan.  Accordingly, the requirements of section 1129(c) have been satisfied.

NN.    *Principal Purpose – section 1129(d)*.  The Court has found that the Plan was proposed in good faith.  Consistent with this, the Court concludes that the principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan therefore satisfies the requirements of section 1129(d).

OO.    *Section 1129(e)*.  This provision does not apply to the Debtors or this Plan.

PP.    *Executory Contracts*.  All Executory Contracts shall be deemed rejected by the Debtors upon the Effective Date of the Plan unless an Executory Contract (a) has been

previously assumed or rejected pursuant to an order of this Court, or (b) is the subject of a

motion to assume filed on or before the Confirmation Date.  Any Rejection Claim based upon an

Executory Contract rejected by the Debtors pursuant to the Plan must be timely filed in

accordance with section 10.02 of the Plan and, if timely filed, will be administered and treated as

a Class 6 Claim subject to the provisions of sections 502(b)(6) and 502(g) of the Bankruptcy

Code.  Except as otherwise ordered by the Court, or agreed in writing by the Plan Administrator,

objections to any Rejection Claim shall be handled and resolved based on the procedures set

forth in the applicable provisions of the Plan.

QQ.     _Exemptions from Taxes_.  The Court finds and concludes that, in accordance with

section 1146(a) of the Bankruptcy Code, any transfers pursuant to the Plan shall not be subject

to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage

tax, real estate transfer tax, mortgage recording tax, or other similar tax or government

assessment.

RR.     _Settlement; Releases_.  The Court finds and concludes that, pursuant to

Bankruptcy Rule 9019 and in consideration of the Distributions and other benefits provided

under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of

all impaired Claims and Interests.  Such settlements and compromises are made in exchange

for consideration and are in the best interests of the holders of impaired Claims and Interests,

are within the range of possible litigation outcomes, are fair, equitable, and reasonable, and are

integral elements necessary to the liquidation of the Debtors in accordance with the Plan.

SS.     _Plan Injunction_.  The Debtors are not eligible for a discharge pursuant to section

1141(d)(3).  Consequently, section 14.3 of the Plan contains the Plan Injunction.  The Plan

Injunction is necessary and appropriate to facilitate the orderly distribution of the Assets

pursuant to the Plan by the Liquidating Debtors acting through the Plan Administrator.  The Plan

Injunction constitutes an essential and integral part of the Plan without which the holders of

Claims against the Debtors could potentially interfere with the Plan Administrator's performance

of the duties of the Liquidating Debtors under the Plan.  The Plan Injunction protects the best interests of the holders of Allowed Claims and promotes and facilitates the efficient administration and implementation of the terms of the Plan.  Consequently, the Plan Injunction is hereby approved pursuant to sections 105(a) and 1123(a)(5) and (7) and shall be incorporated into, and enforced, as an integral part of this Confirmation Order.

TT.    _Retention of Jurisdiction_.  This Court finds and concludes that this Court's retention of jurisdiction as set forth herein and in the Plan comports with 28 U.S.C. sections 157 and 1334.  Consequently, the Court may properly retain jurisdiction over the matters set forth in Article XIV of the Plan.

UU.    _Satisfaction of Confirmation Requirements_.  The Debtors have established by the preponderance of the evidence that the Plan satisfies all requirements for confirmation of the Plan, including those set forth in sections 1123 and 1129.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Findings of Fact and Conclusions of Law.  The above-referenced findings of fact and conclusions of law are incorporated by reference as though fully set forth herein.

2.    Objections to Plan.  The issues raised in the Objection are resolved by agreement between the Debtors and Medalist.  The agreement is hereby approved as follows:

(a)    The third full paragraph of Section 4.03 and the third full paragraph of Section 4.04 of the Plan shall be deleted and each replaced by the following:

> No later than fourteen (14) days after the Effective Date, the Plan Administrator shall make a distribution, in an amount to be determined by the Plan Administrator, on a _pro rata basis,_ to Bison and Medalist (the "Initial Bison/Medalist Distribution").   The Initial Bison/Medalist Distribution shall be applied by Bison and Medalist to the outstanding principal amount owed by the Debtors to each lender.    Additionally,   concurrently   with   making   the   Initial Bison/Medalist Distribution, the Plan Administrator shall establish a reserve (the "Bison/Medalist Reserve") in an amount representing the difference between $2,000,000 and the amount distributed to

Bison from the Initial Bison/Medalist Distribution. The Bison/Medalist Reserve shall accrue no interest under Bankruptcy Code section 506(c), to the extent such section is applicable. Interest on the remaining unpaid principal owed to Bison and Medalist, other than the amount held in the Bison/Medalist Reserve, may continue to accrue interest under section 506(c), to the extent such section is applicable. The Liquidating Debtors reserve the right to challenge Bison's and Medalist's right to receive interest under section 506(c), including, but not limited to, the right to seek disgorgement of interest paid to Bison and Medalist. After the Initial Bison/Medalist Distribution, all subsequent distributions to Bison and Medalist shall be made on a pro-rata basis, with a dollar-for-dollar reduction in the Bison/Medalist Reserve to account for distributions made to Bison.

(b)     Notwithstanding anything to the contrary in the Plan, the Plan Administrator shall provide notice by email to Medalist at John.Slonieski@medalistpartners.com and Jake.Giordano@medalistpartners.com prior to taking any action to pledge, encumber, sell, liquidate, dispose of, or distribute any Assets of the Post-Confirmation Estate with a value or in the amount of $150,000 or more that constitute collateral of Medalist securing its Class 4 Subordinated Secured Claim (each a "Proposed Action"). Medalist shall have ten (10) days from the date of such email notice from the Plan Administrator to object to any Proposed Action. The objection shall be made by email to the Plan Administrator at burkart@cwo.com and CSullivan@diamondmccarthy.com within such ten-day objection period. Medalist and the Plan Administrator shall have five (5) days from the date of the objection to reach an agreement to resolve the objection to a Proposed Action (the "Resolution Period"). If the parties are unable to reach an agreement at the end of the Resolution Period, Medalist shall have five (5) days from the end of the Resolution Period to seek relief from the Bankruptcy Court on an emergency basis. If no emergency relief is sought by Medalist within five (5)

days after the end of the Resolution Period, the Plan Administrator may proceed

with the Proposed Action.

Based upon the agreement set forth above, the Objection is deemed withdrawn by Medalist.

3.      Confirmation of Plan.  The Plan is CONFIRMED in accordance with section 1129

of the Bankruptcy Code, and all terms and conditions set forth in the Plan, including the

modifications made pursuant to the Amended Exhibit A to the Plan and in this Confirmation

Order, are hereby APPROVED.  The terms of the Plan are incorporated by reference into, and

as an integral part of, this Confirmation Order.

4.      Plan Implementation.  Upon the Effective Date of the Plan, the Liquidating

Debtors through the Plan Administrator are hereby authorized and directed to take all actions

necessary or appropriate to implement, effectuate or consummate the Plan, the terms of this

Confirmation Order and the transactions respectively contemplated therein, and to otherwise

fully perform and execute their duties under the Plan or this Confirmation Order.  In the event of

an appeal of this Confirmation Order, the Debtors are all hereby authorized and directed to take

all steps necessary to make the Plan effective and, from and after the Effective Date, the

Liquidating Debtors through the Plan Administrator shall execute their duties, responsibilities

and obligations under the Plan, this Confirmation Order, and the Plan Documents unless until

this Confirmation Order is stayed by order of a court of appropriate jurisdiction.

5.      Substantive Consolidation.  This Confirmation Order shall constitute approval,

pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, of the

substantive consolidation of the Debtors for the sole purposes of implementing the Plan,

including for purposes of voting and Distributions to be made under the Plan, as follows:   (a) all

assets and liabilities of the Debtors will be deemed merged; (b) all guarantees by one Debtor of

the obligations of the other Debtor will be deemed eliminated so that any Claim against any

Debtor and any guarantee thereof executed by the other Debtor and any joint or several liability

of the Debtors will be deemed to be one obligation of the consolidated Debtors; (c) each and

every Claim filed or to be filed in the Chapter 11 Cases of either Debtor will be deemed filed against the consolidated Debtors and will be deemed one Claim against and a single obligation of the consolidated Debtors; and (d) all intercompany claims will be eliminated

6.      Approval of Plan Documents.   The form and substance of the Plan Documents, are all hereby APPROVED.   The Debtors are authorized and directed, without the need for further corporate or other organizational action or further order or authorization of this Court, to take such actions and do all things as may be necessary or required to implement and effectuate the Plan Documents and to make the Plan effective.

7.      Vesting of Assets and Assumption of Liabilities.   On the Effective Date, without the execution of any other or further document or any further order by the Court:   (i) all Assets of the Estate shall be deemed as fully, completely and irrevocably transferred to, and vested in, the Liquidating Debtors in accordance with section 6.03 of the Plan and the Plan Documents; and (ii) the Liquidating Debtors shall assume the liability for, and the obligation to make, all Distributions or payments on account of all Allowed Claims as provided in section 6.04 of the Plan.

8.      Estate Claims and Estate Defenses.   Upon the Effective Date, without the necessity of the execution of any further documents or further order of the Court, all Estate Claims and Estate Defenses, including but not limited to those referenced and identified in Article VIII and Amended Exhibit A of the Plan, shall be deemed as fully, completely, and irrevocably transferred to, and vested in, the Liquidating Debtors.   The Liquidating Debtors through the Plan Administrator shall have the exclusive standing and authority to assert, prosecute, collect, compromise, and settle all Estate Claims and Estate Defenses pursuant to the terms of the Plan.

9.      Executory Contracts.   Unless an Executory Contract (a) has been previously assumed or rejected pursuant to an order of the Court, or (b) is the subject of a motion to assume filed on or before the Confirmation Date, all Executory Contracts are deemed rejected as of the

Effective Date.  All Rejection Claims must be filed within the time specified in section 10.02 of the

Plan, failing which any such Rejection Claim shall be forever barred and precluded from receiving

any Distribution pursuant to the Plan.

       10.    <u>Discharge</u>.  The Debtors are not eligible for a discharge pursuant to the Plan based

on section 1141(d)(3).  The Court has approved the Plan Injunction as an essential and integral

part of the Plan.  The Plan Injunction, as set forth in section 13.03 of the Plan, reads as follows:

> <u>PLAN INJUNCTION</u>.  THIS SECTION IS REFERRED TO HEREIN AS THE "PLAN
> INJUNCTION." EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, AS OF
> THE EFFECTIVE DATE ALL HOLDERS OF CLAIMS AGAINST, OR INTERESTS IN,
> THE DEBTORS, THE ESTATE, OR ANY OF THE ASSETS THAT AROSE PRIOR TO
> THE EFFECTIVE DATE ARE HEREBY PERMANENTLY ENJOINED AND
> PROHIBITED FROM THE FOLLOWING: (i) THE COMMENCING OR CONTINUATION
> IN ANY MANNER, DIRECTLY OR INDIRECTLY, OF ANY ACTION, CASE, LAWSUIT,
> OR OTHER PROCEEDING OF ANY TYPE OR NATURE AGAINST THE DEBTORS,
> LIQUIDATING DEBTORS, THE ESTATE, THE ASSETS, OR THE POST-
> CONFIRMATION ESTATE, WITH RESPECT TO ANY SUCH CLAIM OR INTEREST
> ARISING OR ACCRUING BEFORE THE EFFECTIVE DATE, INCLUDING WITHOUT
> LIMITATION THE ENTRY OR ENFORCEMENT OF ANY JUDGMENT, OR ANY
> OTHER ACT FOR THE COLLECTION, EITHER DIRECTLY OR INDIRECTLY, OF ANY
> CLAIM OR INTEREST AGAINST THE ESTATE, THE DEBTORS, THE ASSETS, THE
> LIQUIDATING DEBTORS, OR THE POST-CONFIRMATION ESTATE; (ii) THE
> CREATION, PERFECTION OR ENFORCEMENT OF ANY LIEN, SECURITY
> INTEREST, ENCUMBRANCE, RIGHT OR BURDEN, EITHER DIRECTLY OR
> INDIRECTLY, AGAINST THE ESTATE, THE DEBTORS, THE ASSETS, THE
> LIQUIDATING DEBTORS, OR THE POST-CONFIRMATION ESTATE, OR (iii) TAKING
> ANY ACTION IN RELATION TO THE DEBTORS, ESTATE, THE LIQUIDATING
> DEBTORS, ASSETS, OR THE POST-CONFIRMATION ESTATE, EITHER DIRECTLY
> OR INDIRECTLY, WHICH VIOLATES OR DOES NOT CONFORM OR COMPLY WITH
> THE PROVISIONS OF THIS PLAN APPLICABLE TO SUCH CLAIM OR INTEREST.
> THE PLAN INJUNCTION SHALL ALSO BE INCORPORATED INTO THE
> CONFIRMATION ORDER.

The Plan Injunction is hereby incorporated into this Confirmation Order as an essential and

integral term hereof so that the Plan Injunction shall be fully binding upon, and enforceable

against, all Person though and as part of this Confirmation Order.

       11.    Notwithstanding anything to the contrary in the Plan or this Confirmation Order,

nothing in the Plan or Confirmation Order (including the Plan Injunction):  (a) releases any

Person other than the Plan Administrator, the Liquidating Debtors, the Post-Confirmation Estate, the Assets, Debtors, or the Estate (collectively, the "Released Parties") from any Claim or cause of action held by a Governmental Unit; or (b) enjoins, limits, impairs or delays any Governmental Unit from commencing or continuing any Claim, suit, action, proceeding, cause of action, or investigation against any Person other than the Released Parties.  Moreover, nothing in the Plan or in the Confirmation Order shall discharge, release, enjoin or otherwise bar (i) any liability of the Released Parties to a Governmental Unit arising on or after the Confirmation Date with respect to events occurring after the Confirmation Date, provided that the Released Parties reserve the right to assert that any such liability is a Claim that arose on or prior to the Confirmation Date and constitutes a Claim that is subject to the Plan Injunction, (ii) any liability to a Governmental Unit that is not a Claim subject to the deadlines for filing proofs of claim, (iii) any valid right of setoff or recoupment of a Governmental Unit, and (iv) any police or regulatory action by a Governmental Unit.  In addition, nothing in the Plan or Confirmation Order discharges, releases, precludes, or enjoins any environmental liability to any Governmental Unit that any Person other than the Released Parties would be subject to as the owner or operator of the property after the Effective Date.  For the avoidance of any doubt, nothing in this paragraph shall be construed to limit the application of the Plan Injunction to any Claim which was subject to any bar date applicable to such Claim.

12.     Priority or Secured Tax Claims.  The treatment of Priority Tax Claims or Class 2 Secured Tax Claims is specified in the Plan.  Nothing in the Plan or this Confirmation Order shall modify or affect the Lien rights of a Taxing Authority under applicable non-bankruptcy law. In the event of a default on the payment of a Priority Tax Claim under the Plan, the Taxing Authority to which the payment is owed may pursue all administrative and judicial remedies under applicable law to collect the unpaid Priority Tax Claim or Secured Tax Claim.

13.     Automatic Stay.  The automatic stay pursuant to section 362 shall remain in effect until the Effective Date as to Debtors and all Assets.  On the Effective Date, all injunctions

or stays provided under sections 105 and 362 or otherwise and in existence on the Effective

Date shall terminate, and the Plan Injunction shall become effective immediately without the

necessity of further order by the Court.

14.     <u>Setoffs</u>.  Except as otherwise expressly provided for in the Plan or this

Confirmation Order, pursuant to the Bankruptcy Code (including section 553), applicable non-

bankruptcy law, or as may be agreed to by the holder of a Claim, the Plan Administrator may

offset against any Allowed Claim and any Distribution to be made pursuant to the Plan on

account of such Allowed Claim, any and all claims, rights, Estate Defenses and Estate Claims

that Debtors may hold against the holder of such Allowed Claim; <u>provided</u>, <u>however</u>, that neither

the failure to effect such a setoff nor the Allowance of any Claim pursuant to the Plan shall

constitute a waiver or release by the Liquidating Debtors of any such claims, rights, Estate

Defenses, or Estate Claims that the Liquidating Debtors may possess against such Claimant.

Any holder of a Claim, to the extent allowed under section 553 of the Bankruptcy Code and

applicable non-bankruptcy law, may offset against any claims, rights, Estate Defenses or Estate

Causes of Action of any nature that the Liquidating Debtors may hold or assert against the

holder of such Allowed Claim.

15.     <u>Recoupment</u>.  In no event shall any holder of a Claim or Interest be entitled to

recoup any Claim or Interest against any claim, right, Estate Defense or Estate Claim by the

Liquidating Debtors, unless: (i) such holder actually provides notice thereof in writing to the Plan

Administrator of its intent to perform a recoupment; and (ii) such notice includes the amount to

be recouped by the holder of the Claim or Interest and a specific description of the basis for the

recoupment.  Notwithstanding the foregoing, nothing in the Plan shall be deemed to deprive or

prevent the Liquidating Debtors or the holder of such Claim or Interest from seeking a judicial

determination from the Court regarding the validity and extent of such Claimant's recoupment

rights.

16.     <u>Retained Causes of Action</u>.  The reservation of the Estate Claims and Estate Defenses is hereby APPROVED.  The reservation of the Estate Claims and Estate Defenses in Article VIII of the Plan (including pursuant to the Amended Exhibit A to the Plan) is express, specific and unequivocal, and constitutes an effective retention of claims under section 1123(b)(3)(B).

17.     <u>Distributions Under Plan</u>.  All Distributions under the Plan shall be made by the Plan Administrator on behalf of the Liquidating Debtors.

18.     <u>Exemption from Certain Taxes</u>.  Section 1146(a) shall apply to the transfer of all Assets to the Liquidating Debtors pursuant to the Plan.

19.     <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

20.     <u>Designation of Plan Administrator</u>. As of the Effective Date, Michael F. Burkart is hereby designated as the Plan Administrator. The Plan Administrator is hereby vested with full power and authority on behalf of the Liquidating Debtors to take any and all actions deemed necessary or appropriate to carry out the duties contemplated under the Plan and all other provisions of the Plan. The Plan Administrator shall have full and unqualified authority to delegate any or all of these powers to any of its authorized agents.

21.     <u>Oversight Committee</u>.  Pursuant to section 6.14 of the Plan, the Oversight Committee shall be formed and constituted as of the Effective Date and shall have such rights and duties as set forth in the Plan.  The unsecured creditor member for the Oversight Committee shall be Charisse Castagnoli.

22.     <u>Termination of Debtors' Management</u>.  On the Effective Date of the Plan, all officers, directors, principals, or managers of the Debtors shall be automatically discharged from further duties and each such person or entity shall have no power or authority over the management and administration of the Liquidating Debtors.

23.     <u>Estate Professional Fee Claims</u>.  All final applications for compensation or reimbursement by any Estate Professional pursuant to sections 327, 328, 330, 331, 363, 503(b) or 1103 of the Bankruptcy Code must be filed no later than sixty (60) days after the Effective Date in accordance with section 3.01(d) of the Plan.

24.     <u>Post-Effective Date Reporting</u>.  From and after the Effective Date, the Plan Administrator shall be responsible for all reports to be filed with the Court, including any quarterly operating reports.

25.     <u>Other Administrative Claims</u>.  No later than thirty (30) calendar days after the Effective Date, any Person seeking allowance of an Administrative Expense pursuant to section 3.01 of the Plan must file with the Court and serve upon the Liquidating Debtors  and counsel thereto a written request for payment of such Administrative Expense in compliance with section 3.01(b) of the Plan.  Any request for payment of an Administrative Expense, if properly filed and served pursuant to section 3.01(b), shall be Allowed unless an objection is filed and served within thirty (30) days after the filing and service of such request; <u>provided</u>, <u>however</u>, the above portions of this paragraph shall not apply to (i) any claim for an Administrative Expense by Estate Professionals which are subject to section 3.01(d) of the Plan and paragraph 22 above of this Confirmation Order, (ii) any Claim for an Administrative Expense which has already been Allowed, (iii) any liability incurred by the Debtors in the ordinary course of business, or (iv) any Claim for an Administrative Expense which the Plan Administrator has otherwise agreed in writing to pay.  Any objection to a request seeking the allowance of an Administrative Expense filed pursuant to section 3.01 shall be subject to Article III of the Plan.

26.     <u>Filing and Recording</u>.  This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments.  Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recoding tax, stamp tax, transfer tax or similar tax imposed by state or local law.

27.     <u>Inconsistency between Documents</u>.  In the event of an inconsistency between the Plan and the Disclosure Statement, the Plan shall control.  In the event of any inconsistency between the Plan or Disclosure Statement and this Confirmation Order, this Confirmation Order shall control.

28.     <u>References to Plan Provisions.</u>  The failure to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of any such provision, it being the intent of the Court that the Plan be APPROVED and confirmed in its entirety.

29.     <u>Reversal.</u>  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in connection with the Plan prior to the Liquidating Debtors' receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or

vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and any amendments or modifications thereto.

30.     Enforceability of the Plan. Pursuant to sections 1123(a), 1141(a) and 1142, and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable notwithstanding any otherwise applicable nonbankruptcy law. The modifications in Amended Exhibit A of the Plan are enforceable and do not constitute material modifications that might otherwise require re-solicitation.

31.     Conditions to Effective Date.  The Plan shall not become effective until the conditions set forth under section 12.01 of the Plan ("Conditions Precedent") have been satisfied or waived, as determined by the Debtors in the exercise of their sole discretion.  Any of the Conditions Precedent may be waived by the Debtors in the exercise of their sole discretion by filing the *Notice of Effective Date* as required below.

32.     Notice of the Effective Date.  As soon as practicable after the Conditions Precedent have been satisfied or waived, the Debtors shall file a *Notice of Effective Date* and serve a copy of such notice on all holders of Claims and Interests and the U.S. Trustee by causing such notice to be deposited in the United States mail by first-class mail, postage prepaid, notifying such parties of the Effective Date of the Plan and certain deadlines, including those established under sections 3.01(b), 3.01(d), and 10.02 of the Plan.  The filing of the *Notice of Effective Date* shall conclusively establish that all Conditions Precedent have been satisfied or waived by the Debtors and shall constitute adequate and sufficient notice to all parties entitled thereto of the occurrence of the Effective Date.

33.     Calculation of Time Period. All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34.     Jurisdiction.  This Court hereby retains jurisdiction from and after the Effective Date as set forth in Article XIV of the Plan.

35.    <u>No Stay</u>.  There is no stay as to this Confirmation Order which shall become

effective immediately upon entry.


### END OF ORDER ###

Submitted by:

/s/ Jeff P. Prostok
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Dylan T.F. Ross
State Bar No. 24104435
**FORSHEY PROSTOK LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
dross@forsheyprostok.com

ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION

L:\JPROSTOK\Flexible Funding (C11) #6264\Plan & DS\Confirmation Order (upload version) 7.12.2022.docx